UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAUL MERINO PAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKUMA BROTHERS FARMS, INC.,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Raul Merino Paz, by his undersigned attorneys, for this class action complaint against Defendant Sakuma Brothers Farms, Inc. ("Sakuma" or "Defendant"), alleges as follows:

## I.  INTRODUCTION

1.1    Nature of Action.  This is an employment law action against Sakuma pursuant to the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq*. ("AWPA") and Washington employment law.  Plaintiff brings this action against Sakuma for engaging in a systematic scheme of wage and hour violations against farmworkers at Sakuma's farms in Burlington and Mount Vernon, Washington.  These violations include failure to provide rest breaks, failure to keep accurate records of the actual hours worked, failure to provide pay statements with accurate statements of the actual hours worked, and failure to comply with agreed-upon working arrangements.

CLASS ACTION COMPLAINT - 1

## II. JURISDICTION AND VENUE

2.1     <u>Jurisdiction</u>.  This Court has subject-matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and AWPA, 29 U.S.C. § 1854(a).  This Court also has supplemental jurisdiction over the Washington state-law claims pursuant 28 U.S.C. § 1367(a) because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.  This Court is empowered to grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1854 (c)(1).

2.2     <u>Venue</u>.  Venue of this case in this Court is proper: (1) pursuant to 28 U.S.C. § 1391(b)(1) in that Defendant does sufficient business in this District to subject it to personal jurisdiction herein; and (2) pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III.  PARTIES

<u>Plaintiff Raul Merino Paz</u>.

3.1     Plaintiff Merino is a "migrant agricultural worker" under AWPA.

3.2     Plaintiff Merino permanently resides in the state of California.

3.3     Plaintiff Merino began working for Sakuma in Washington during the summer of 2006 after he was recruited by the company.

3.4     Since 2006, Plaintiff Merino has traveled from his permanent residence in California at the beginning of each summer to pick berries for Sakuma.  He generally picks berries for Sakuma until approximately October or November each year, at which time he returns to his permanent residence.

3.5     Sakuma failed to provide Plaintiff Merino ten minute rest breaks for every four hours of work and has required Plaintiff Merino to work more than three consecutive hours without a rest break.  Sakuma did not pay Plaintiff Merino for ten minutes of work for each rest break Sakuma failed to provide him.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   3.6   Sakuma failed to make and keep accurate records of Plaintiff Merino's hours
2   worked and failed to provide to Plaintiff Merino accurate written statements of his hours
3   worked each pay period.
4   3.7   Sakuma failed to comply with a 2013 working arrangement under which
5   Plaintiff Merino was to be paid for blueberry picking at a piece rate determined by an agreed
6   "test pick" process.
7   <u>Defendant Sakuma Brothers Farms, Inc</u>.
8   3.8   Sakuma is a Washington corporation located in Burlington, Washington.
9   3.9   Each summer, Sakuma hires hundreds of migrant and seasonal workers to pick
10  fruit, including strawberries, blueberries, blackberries, and raspberries, at its farms.
11  3.10  Many of Sakuma's workers travel from their permanent residences in other
12  states to work from the early summer until October or November.
13  3.11  Most of Sakuma's migrant and seasonal workers do not speak English.
14  3.12  Many of Sakuma's migrant and seasonal workers do not speak Spanish well and
15  instead speak indigenous Mixteco and Triqui languages.
16  3.13  Sakuma pays migrant and seasonal employees piece rate wages based on the
17  quantity of fruit picked each day.
18  3.14  Sakuma also pays some migrant and seasonal employees hourly wages for
19  limited work related to the fruit harvest.
20  3.15  Sakuma is an "agricultural employer" under AWPA, and Sakuma employed or
21  employs Plaintiff and the members of the proposed classes.

## IV. CLASS ACTION ALLEGATIONS

4.1   <u>Class Definition</u>:  Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this case as a class action on behalf of a class and subclass defined as follows:

<u>Farmworker Class</u>:

> All current and former migrant and seasonal employees of Defendant Sakuma Brothers Farms, Inc. who performed fruit

CLASS ACTION COMPLAINT - 3

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

harvest work for Defendant at any time between October 24, 2010 and the date of final disposition of this action.

Blueberry Harvester Subclass:

All current and former migrant and seasonal employees of Defendant Sakuma Brothers Farms, Inc. who worked in the blueberry harvest for Defendant in 2013.

4.1.1   Excluded from the Farmworker Class and the Blueberry Harvester Subclass are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge assigned to this case and any member of the judge's immediate family. Also excluded are any workers who came to work at Sakuma on an H-2A visa.

4.2   Numerosity. The members of the Farmworker Class and the Blueberry Harvester Subclass are so numerous that joinder is impracticable. Plaintiff believes there are at least 400 members composing the Farmworker class and at least 100 members composing the Blueberry Harvester Subclass. Members of the class and subclass are geographically dispersed throughout multiple states. In addition, members of the classes have a low degree of sophistication, limited English proficiency, and lack the resources to sue individually. The disposition of the claims of the Farmworker Class and the Blueberry Harvester Subclass in a single action will provide substantial benefits to all parties and the Court.

4.3   Commonality.

4.3.1   Farmworker Class: There are numerous questions of law and fact common to Plaintiff and members of the Farmworker Class. These questions include, but are not limited to, the following:

a.   Whether Sakuma has engaged in a common course of failing to provide migrant and seasonal employees with required rest breaks;

b.   Whether Sakuma has engaged in a common course of failing to pay the proper wages owed to migrant and seasonal employees when due;

CLASS ACTION COMPLAINT - 4

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1      c.      Whether Sakuma has engaged in a common course of failing to provide migrant and seasonal employees with accurate written statements of hours worked;

       d.      Whether Sakuma engaged in a common course of failing to make and keep accurate records of hours worked for migrant and seasonal employees;

       e.      Whether Sakuma has engaged in a common course of improperly rounding hours;

       f.      Whether Sakuma has engaged in a common course of failing to maintain true and accurate time and payroll records for all work performed by migrant and seasonal employees;

       g.      Whether Sakuma has violated 29 U.S.C. § 1822(a) and 29 U.S.C. § 1832(a);

       h.      Whether Sakuma has violated 29 U.S.C. § 1821(d)(1) and (d)(2), and 29 U.S.C. § 1831(c)(1) and (c)(2);

       i.      Whether Sakuma has violated RCW 49.46.070, WAC 296-131-015, WAC 296-131-017, and WAC 296-128-010;

       j.      Whether Sakuma has violated RCW 49.12.020 and WAC 296-131-020;

       k.      Whether Sakuma has violated RCW 49.52.050; and

       l.      The nature and extent of class-wide injury and the measure of compensation for such injury.

       4.3.2   <u>Blueberry Harvester Subclass</u>:  There are numerous questions of law and fact common to Plaintiff and members of the Blueberry Harvester Subclass.  The questions include, but are not limited to the following:

       a.      Whether Sakuma engaged in a common course of violating its agreement to pay blueberry pickers a piece rate to be determined through "test picks" of the blueberry fields in 2013;

CLASS ACTION COMPLAINT - 5

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1          b.      Whether Sakuma violated 29 U.S.C. § 1822(c) and 29 U.S.C § 1832(c).

4.4     Typicality.

    4.4.1   Farmworker Class:  The claims of Plaintiff Merino are typical of the claims of the Farmworker Class.  Plaintiff Merino has been seasonally employed in Washington by Sakuma as a migrant agricultural worker and is thus a member of the proposed Farmworker Class.  The claims of Plaintiff Merino, like the claims of the Farmworker Class, arise out of the same common course of conduct by Sakuma and are based on the same legal and remedial theories.

    4.4.2   Blueberry Harvester Subclass: The claims of Plaintiff Merino are typical of the claims of the Blueberry Harvester Subclass.  Plaintiff Merino was seasonally employed in the blueberry harvest at Sakuma in 2013. The claims of Plaintiff Merino, like the claims of the Blueberry Harvester Subclass, arise out of the same common course of conduct by Sakuma and are based on the same legal and remedial theories.

4.5     Adequacy.

    4.5.1   Farmworker Class:  Plaintiff Merino will fairly and adequately protect the interests of the Farmworker Class.  Plaintiff Merino has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex class action litigation, including employment law.  Plaintiff Merino and his counsel are committed to prosecuting this action vigorously on behalf of the Farmworker Class and have the financial resources to do so.  Neither Plaintiff Merino nor his counsel has interests that are contrary to or that conflict with those of the proposed Farmworker Class.

    4.5.2   Blueberry Harvester Subclass:  Plaintiff Merino will fairly and adequately protect the interests of the Blueberry Harvester Subclass.  Plaintiff Merino has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex class action litigation, including employment law.  Plaintiff Merino and

CLASS ACTION COMPLAINT - 6

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

his counsel are committed to prosecuting this action vigorously on behalf of the Blueberry Harvester Subclass and have the financial resources to do so. Neither Plaintiff Merino nor his counsel has interests that are contrary to or that conflict with those of the proposed Blueberry Harvester Subclass.

4.6    <u>Predominance</u>.  Sakuma has engaged in a common course of violating the employment rights of Plaintiff Merino and members of the class and subclass.  The common issues arising from this conduct that affect Plaintiff Merino and members of the class and subclass predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

4.7    <u>Superiority</u>.  Plaintiff Merino and members of the class and subclass have suffered and will continue to suffer harm and damages as a result of Sakuma's unlawful and wrongful conduct.  Absent a class action, however, most class members likely would find the cost of litigating their claims prohibitive.  Class members also face challenges vindicating their rights on an individual basis due to the logistical realities of migrating to find work, limited English proficiency, lack of familiarity with the court system, and low levels of sophistication.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.  The class members are readily identifiable from Sakuma's records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1    <u>Common Course of Conduct</u>.  At all times relevant to this complaint, Sakuma has engaged in, and continues to engage in, a common course of violating the employment rights of migrant and seasonal employees in the state of Washington.

5.2    <u>Failure to Provide Proper Rest Breaks</u>.  Sakuma's common course of employment rights violations includes failing to provide migrant and seasonal workers with

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

paid rest breaks as required by Washington law.  At all times relevant to this complaint, Sakuma did not provide the migrant and seasonal workers it employed with ten minute rest breaks for every four hours of work.  Sakuma required the employees to work more than three consecutive hours without a rest break, and did not provide ten minutes of additional pay for each rest break they missed.  Sakuma has had actual or constructive knowledge of the fact that migrant and seasonal workers were not provided ten minute rest breaks for every four hours of work, were required to work more than three consecutive hours without a rest break, and were not provided ten minutes of additional pay for each rest break they missed.

5.3     <u>Failure to Pay Wages When Due</u>.  Sakuma's common course of employment rights violations also includes failing to pay migrant and seasonal workers proper wages when due.  At all times relevant to this complaint, Sakuma has failed to provide employees with required rest breaks, thus entitling them to additional wages each pay period.  By failing to pay such additional wages, Sakuma has intentionally and willfully failed to pay proper wages when due.

5.4     <u>Failure to Provide Accurate Statements of Hours Worked</u>.  Sakuma's common course of employment rights violations includes failing to provide migrant and seasonal employees with accurate written statements of hours worked each pay period.

5.5     <u>Failure to Keep Accurate Records</u>.  Sakuma's common course of employment rights violations includes failing to failing to make and keep accurate records of hours worked for migrant and seasonal employees.  On information and belief, at all times relevant to this complaint, Sakuma has improperly rounded hours to the nearest half-hour.

5.6     <u>Failure to Comply with Working Arrangement in the Blueberry Harvest</u>. Sakuma's common course of conduct includes violating its working arrangement with blueberry harvesters.  Under this working arrangement, Sakuma agreed to set the blueberry piece rates based on a "test pick" of each blueberry field by at least three pickers, including a fast, medium and slow picker.  Sakuma initially honored the arrangement, and then unilaterally

CLASS ACTION COMPLAINT - 8

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

reduced the piece rate below the rate determined by the "test pick." For the remainder of the blueberry harvest, Sakuma failed to comply with the agreed working arrangement.

## VI.  FIRST CLAIM FOR RELIEF
**Violations of AWPA (29 U.S.C. § 1822(a) and 29 U.S.C. § 1832(a)) — Failure to Pay Wages When Due**
*On Behalf of Farmworker Class*

6.1    Plaintiff Merino realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

6.2    29 U.S.C. § 1822(a) and 29 U.S.C. § 1832(a) require agricultural employers to pay migrant and seasonal employees the wages owed to them when due.

6.3    Sakuma is an "agricultural employer" under 29 U.S.C. § 1802(2).

6.4    By failing to compensate Plaintiff Merino and Farmworker Class members for an additional ten minutes of work for each rest break Plaintiff Merino and Farmworker Class members missed, Sakuma has intentionally violated 29 U.S.C. § 1822(a) and 29 U.S.C. § 1832(a).

6.5    Under 29 U.S.C. § 1854, for each violation of AWPA, Plaintiff Merino and each member of the Farmworker Class are entitled to recover their actual damages or up to $500 per class member per violation in statutory damages.

## VII.  SECOND CLAIM FOR RELIEF
**Violations of AWPA (29 U.S.C. § 1821(d)(2) and 29 U.S.C. § 1831(c)(2)) — Failure to Provide Accurate Statements of Hours Worked**
*On Behalf of Farmworker Class*

7.1    Plaintiff Merino realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2    Pursuant to 29 U.S.C. § 1821(d)(2) and 29 U.S.C. § 1831(c)(2), agricultural employers must provide migrant and seasonal employees with accurate written statements of hours worked, pay period earnings and net pay for each pay period.

7.3    Sakuma is an "agricultural employer" under 29 U.S.C. § 1802(2).

CLASS ACTION COMPLAINT - 9

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

7.4     By the actions alleged above, Sakuma has intentionally violated 29 U.S.C. § 1821(d)(2) and 29 U.S.C. § 1831(c)(2).

7.5     Under 29 U.S.C. § 1854, for each violation of AWPA, Plaintiff Merino and each member of the Farmworker Class are entitled to recover their actual damages or up to $500 per class member per violation in statutory damages.

## VIII.  THIRD CLAIM FOR RELIEF
**Violations of AWPA (29 U.S.C. § 1821(d)(1) and 29 U.S.C. § 1831(c)(1)) — Failure to Make, Keep and Preserve  Accurate and Adequate Wage Records**
*On Behalf of Farmworker Class*

8.1     Plaintiff Merino realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2     Pursuant to 29 U.S.C. § 1821(d)(1) and 29 U.S.C. § 1831(c)(1), agricultural employers must make, keep and preserve records of the correct number of hours worked, the correct total pay period earnings, and the correct net pay of migrant and seasonal employees..

8.3     Sakuma is an "agricultural employer" under 29 U.S.C. § 1802(2).

8.4     By the actions alleged above, Sakuma has intentionally violated 29 U.S.C. § 1821(d)(1) and 29 U.S.C. § 1831(c)(1).

8.5     Under 29 U.S.C. § 1854, for each violation of AWPA, Plaintiff Merino and each member of the Farmworker Class are entitled to recover their actual damages or up to $500 per class member per violation in statutory damages.

## IX.  FOURTH CLAIM FOR RELIEF
**Violations of AWPA (29 U.S.C. § 1822(c) and 29 U.S.C. § 1832(c)) — Violation of Working Arrangement**
*On Behalf of Blueberry Harvester Class*

9.1     Plaintiff Merino realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2     Pursuant to 29 U.S.C. § 1822(c) and 29 U.S.C. § 1832(c), agricultural employers shall not violate the terms of any working arrangement made with any migrant or seasonal agricultural worker.

CLASS ACTION COMPLAINT - 10

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

9.3   Sakuma is an "agricultural employer" under 29 U.S.C. § 1802(2).

9.4   By the actions alleged above, Sakuma has intentionally violated 29 U.S.C. § 1822(c) and 29 U.S.C. § 1832(c).

9.5   Under 29 U.S.C. § 1854, for each violation of AWPA, Plaintiff Merino and each member of the Farmworker Class are entitled to recover their actual damages or up to $500 per class member per violation in statutory damages.

## X.  FIFTH CLAIM FOR RELIEF
### Violations of RCW 49.12.020 and WAC 296-131-020 —
### Failure to Provide Rest Periods
*On Behalf of Farmworker Class*

10.1   Plaintiff Merino realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

10.2   RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

10.3   RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

10.4   Pursuant to RCW 49.12.005 conditions of labor "means and includes the conditions of rest and meal periods" for employees.

10.5   WAC 296-131-020(2) provides that "[e]very employee shall be allowed a rest period of at least ten minutes, on the employer's time, in each four-hour period of employment."

10.6   By failing to provide proper rest periods to Plaintiff Merino and Farmworker Class members, Sakuma has violated the provisions of RCW 49.12.020 and WAC 296-131-020(2).

CLASS ACTION COMPLAINT - 11

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

10.7    As a result of the unlawful acts of Sakuma, Plaintiff Merino and members of the Farmworker Class have been deprived of compensation in amounts to be determined at trial, and they are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees pursuant to RCW 49.48.030 and costs.

## XI.  SIXTH CLAIM FOR RELIEF
### Violations of RCW 49.46.070, WAC 296-131-015, WAC 296-131-017, and WAC 296-128-010 — Failure to Maintain Adequate and Accurate Time Records
*On Behalf of Farmworker Class*

11.1    Plaintiff Merino realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

11.2    RCW 49.46.070 provides that "[e]very employer . . . shall make, and keep . . . a record of . . . the hours worked each day and each work week by [each] employee."

11.3    WAC 296-131-015 states, "[a] pay statement shall be provided to each employee at the time wages are paid. The pay statement shall identify the employee, show the number of hours worked . . . ."

11.4    WAC 296-131-017(1) provides, "[e]very employer shall keep for at least three years a record of the name, address, and occupation of each employee, dates of employment, rate or rates of pay, amount paid each pay period to each such employee and the hours worked."

11.5    WAC 296-128-010 provides that "employers shall be required to keep and preserve payroll and other records containing the following information… (6) Hours worked each workday and total hours worked each workweek."

11.6    Pursuant to the Washington Department of Labor and Industries ("DLI") Administrative Policy ES.D.2, agricultural employers "may not utilize recordkeeping systems in which 15-minute segments of work time are not recorded or paid."

11.7    Sakuma rounded the hours of Plaintiff Merino and the Farmworker Class members to the nearest half hour, does not keep an accurate record of the hours worked by

CLASS ACTION COMPLAINT - 12

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Plaintiff Merino and the Farmworker Class members, and does not provide pay statements that show an accurate total of the hours worked, rounded to the nearest quarter-hour.

11.8   By the actions alleged above, Sakuma has violated the provisions of RCW 49.46.070, WAC 296-131-015, WAC 296-131-017, and 296-128-010.

11.9   As a result of the unlawful acts of Sakuma, Plaintiff Merino and the Farmworker Class are entitled to declaratory and injunctive relief as allowed by law.

## XII.  SEVENTH CLAIM FOR RELIEF
**Violation of RCW 49.52.050 — Willful Refusal to Pay Wages**
*On Behalf of Farmworker Class and Blueberry Harvester Subclass*

12.1   Plaintiff Merino realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.2   RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

12.3   Sakuma's violations of 29 U.S.C. § 1822(c), 29 U.S.C. § 1832(c), RCW 49.12.020 and WAC 296-131-020, as discussed above, were willful and constitute violations of RCW 49.52.050.

12.4   RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

12.5   As a result of the willful, unlawful acts of Sakuma, Plaintiff Merino and members of the Farmworker Class and Blueberry Harvester Subclass have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, they are entitled to recovery of twice the amount of such damages, as well as attorneys' fees and costs.

CLASS ACTION COMPLAINT - 13

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Merino, on his own behalf and on behalf of the members of the Farmworker Class and Blueberry Harvester Subclass, prays for judgment against Sakuma as follows:

A. Certify the proposed Farmworker Class and Blueberry Harvester Subclass;

B. Declare that Sakuma is financially responsible for notifying all class members of its employment law violations;

C. Appoint Plaintiff Merino as representative of the Farmworker Class;

D. Appoint Plaintiff Merino as representative of the Blueberry Harvester Subclass;

E. Appoint the undersigned counsel as counsel for the Farmworker Class and Blueberry Harvester Subclass;

F. Declare that Sakuma's actions complained of herein violate 29 U.S.C. § 1821, 29 U.S.C. § 1831, 29 U.S.C. § 1822, 29 U.S.C. § 1832, RCW 49.12.020, WAC 296-131-020, RCW 49.52.050, RCW 49.46.070, WAC 296-131-015, WAC 296-131-017, and WAC 296-128-010;

G. Enjoin Sakuma and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Sakuma, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein;

H. Award Plaintiff Merino and members of the Farmworker Class and Blueberry Harvester Subclass actual damages or statutory damages of up to $500, whichever is greater, for each violation of AWPA;

I. Award Plaintiff Merino and members of the Farmworker Class and Blueberry Harvester Subclass compensatory and exemplary damages, as allowed by law;

J. Award Plaintiff Merino and members of the Farmworker Class and Blueberry Harvester Subclass attorneys' fees and costs, as allowed by law, including RCW 49.48.030 and RCW 49.52.070;

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1     K.    Award Plaintiff Merino and members of the Farmworker Class and Blueberry
2 Harvester Subclass prejudgment and post-judgment interest, as provided by law;

3     L.    Permit Plaintiff Merino leave to amend the Complaint to conform to the
4 evidence presented at trial; and

5     M.    Grant such other and further relief as the Court deems necessary, just, and
6 proper.

7     DATED this 24th day of October, 2013.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Toby J. Marshall, WSBA #32726
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@tmdwlaw.com
    Marc C. Cote, WSBA #39824
    Email: mcote@tmdwlaw.com
    Beau C. Haynes, WSBA #44240
    Email: bhaynes@tmdwlaw.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 350-3528

COLUMBIA LEGAL SERVICES

By: /s/ Daniel G. Ford, WSBA #10903
    Daniel G. Ford, WSBA #10903
    Email: dan.ford@columbialegal.org
    Sarah Leyrer, WSBA #38311
    Email: sarah.leyrer@columbialegal.org
    101 Yesler Way, Suite 300
    Seattle, Washington 98104
    Telephone: (206) 464-5936
    Facsimile: (206) 382-3386

*Attorneys for Plaintiff and Proposed Class*

CLASS ACTION COMPLAINT - 15

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com