HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANA LOPEZ DEMETRIO and FRANCISCO EUGENIO PAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAKUMA BROTHERS FARMS, INC.,<br><br>Defendant. | NO. 2:13-cv-01918-MJP<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING ISSUANCE OF CLASS NOTICE, AND SCHEDULING FAIRNESS HEARING** |

WHEREAS, the parties have applied for an order preliminarily approving the settlement of this action as stated in the Stipulation of Settlement on file with the Court, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of this class action, upon the terms and conditions set forth therein;

WHEREAS, the Court has read and considered the Stipulation of Settlement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the settlement and is fully advised;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise provided herein, all capitalized terms in this order have the same meaning as set forth in the Stipulation of Settlement previously filed with this Court.

2. For purposes of settlement, the Court certifies this case as class action under Rule 23. The Court certifies the following Settlement Class for all claims:

> All current and former migrant and seasonal employees of Sakuma who performed piece rate fruit harvest work for Sakuma in Washington at any time between October 13, 2010 and December 31, 2013.

3. The Court preliminarily approves the Stipulation of Settlement and the terms set forth therein—including the relief afforded the Settlement Class, the enhancement awards to the Class Representatives, and the payment of attorneys' fees and costs to Class Counsel (including costs for notice and claims administration)—as being fair, reasonable and adequate. The Stipulation of Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

4. For purposes of determining whether the settlement should be finally approved, the Court sets a fairness hearing on November 14, 2014, at 10 a.m., in the courtroom of the Honorable Marsha J. Pechman at the U.S. Courthouse, 700 Stewart Street, Seattle, Washington, 98101. The Court will hear arguments concerning whether the proposed settlement should be granted final approval by the Court as fair, reasonable and adequate.

5. The Court approves, as to form and content, the Class Notice, Claim Form and Exclusion Form (the "Notice Packet") attached to the Stipulation of Settlement as Exhibit D. In addition, the Court finds that distribution of the Notice Packet in the manner set forth in Paragraph 6 of this order will meet the requirements of due process and applicable law, will provide the best notice practicable under the circumstances, and will constitute due and sufficient notice to all individuals entitled thereto.

6. The procedure for distributing the Notice Packet is as follows:

(a) On July 1, 2014, Sakuma shall provide Class Counsel an updated class contact list with contact information that includes any 2014 temporary Sakuma labor camp

ORDER PRELIMINARILY APPROVING
SETTLEMENT, DIRECTING ISSUANCE OF
CLASS NOTICE, AND SCHEDULING FAIRNESS
HEARING - 2
CASE NO. 2:13-CV-01918-MJP

addresses for potential Settlement Class Members and any other updated addresses for potential Settlement Class Members.

(b) Within fifteen (15) calendar days of receiving the updated class contact list, Class Counsel shall mail a Notice Packet in Spanish and English to the Settlement Class Members' updated addresses (including any labor camp addresses), as identified in the updated class contact list. All mailings will be by first class mail. Class Counsel will also provide a Notice Packet to any Settlement Class Member who contacts Class Counsel and requests a Notice Packet.

(c) To ensure that the maximum number of potential Settlement Class Members have the opportunity to submit claims, Class Counsel will also coordinate with community organizations in Skagit Valley and/or Bellingham to perform outreach with the Settlement Class Members and distribute Class Notice and Claim Forms. Class Counsel will also arrange a meeting or meetings in Skagit County with Settlement Class Members during the 2014 summer harvest to explain the settlement and provide and collect Claim Forms.

7. If the Court grants Final Approval, each member of the Settlement Class who submits a valid and timely Claim Form will be entitled to receive a proportionate share of the Class Payment, calculated as set forth in paragraph 18 of the Settlement Agreement. To be considered timely, Claim Forms must be submitted by mail, fax, or in person to Class Counsel by October 14, 2014 (or 90 days from the initial mailing date, whichever is later). If sent by mail, the Claim Form must be postmarked on or before the deadline set forth in the Class Notice. Settlement Class Members must supply their own postage when submitting a Claim Form to Class Counsel. Unless they have excluded themselves from the settlement, any Class Members who fail to submit a valid and timely Claim Form will not receive a share of the Class Payment.

8. Members of the Settlement Class may opt out of the Class by submitting an Exclusion Form with a written statement requesting exclusion from the Settlement to Plaintiffs'

1 counsel by October 14, 2014 (or 90 days after the date Notice Packets are initially mailed to
2 Settlement Class Members, whichever is later).

3     9. Any Settlement Class Member who wishes to object to the Settlement must file
4 with the Court and serve on counsel for the Parties a written statement objecting to the
5 Settlement. Such written statement must be filed with the Court and served on counsel for the
6 Parties no later than October 14, 2014 (or 90 days after the date the Notice Packets are mailed,
7 whichever is later). No Class Member will be entitled to be heard at the final Settlement
8 hearing (whether individually or through separate counsel) or to object to the Settlement, and
9 no written objections or briefs submitted by any Class Member will be received or considered
10 by the Court at the final Settlement hearing, unless copies of any written objections or briefs
11 have been filed with the Court and served on counsel for the Parties on or before the
12 Objection/Exclusion Deadline Date. Class Members who fail to file and timely serve written
13 objections in the manner specified above will be deemed to have waived any objections, will be
14 foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, and
15 will be bound by the terms of the Settlement.

16     10. All papers in support of final approval of the Stipulation of Settlement must be
17 filed and served no later than October 31, 2014.

18     11. At the fairness hearing, the Court shall determine whether the proposed
19 Stipulation of Settlement will be finally approved.

20     12. The Court reserves the right to adjourn the date of the fairness hearing without
21 further notice to the Settlement Class Members and retains jurisdiction to consider all further
22 applications arising out of or connected with the proposed Stipulation of Settlement. The Court
23 also retains jurisdiction to consider the claim referenced in Paragraph 14 of this Order.

24     13. If final approval does not occur, or if the Stipulation of Settlement is terminated
25 or canceled pursuant to its terms, the Parties will be deemed to have reverted to their respective
26 status as of the date and time immediately prior to the execution of the Stipulation of

ORDER PRELIMINARILY APPROVING
SETTLEMENT, DIRECTING ISSUANCE OF
CLASS NOTICE, AND SCHEDULING FAIRNESS
HEARING - 4
CASE NO. 2:13-CV-01918-MJP

1  Settlement, and the Stipulation of Settlement will be deemed null and void, will be of no force
2  or effect whatsoever, and will not be admitted, referred to or utilized by any Party for any
3  purpose whatsoever.

4      14.    This order has no effect on Plaintiffs' and Class Members' claims for
5  declaratory relief on the issue of whether Sakuma must provide pay for the time piece-rate
6  workers spend in rest breaks under WAC 296-131-020(2) and the Washington Minimum Wage
7  Act on a going-forward basis.  The Settlement does not resolve, and Plaintiffs and class
8  members do not release, such claims for declaratory relief.  This Court understands that
9  Plaintiffs may present such claims to this Court for resolution or propose to this Court that the
10 underlying legal issue be presented to the Washington Supreme Court as a certified question of
11 law.

12     15.    The Clerk is ordered to provide copies of this Order to all counsel.
13 DONE IN OPEN COURT this 15th day of July, 2014.

                                            Marsha J. Pechman
                                            Chief United States District Judge