HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANA LOPEZ DEMETRIO and FRANCISCO EUGENIO PAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAKUMA BROTHERS FARMS, INC.,<br><br>Defendant. | NO. 2:13-cv-01918-MJP<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Note on Motion Calendar:<br>November 14, 2014 at 10 a.m. |

WHEREAS, on July 15, 2014, this Court entered its Order Preliminarily Approving Settlement, Directing Issuance of Class Notice, and Scheduling Fairness Hearing (Dkt. No. 31) (the "Preliminary Approval Order"); and

WHEREAS, individual notice complying with Rule 23 of the Federal Rules of Civil Procedure was sent to the last-known address of each member of the Settlement Class and follow-up notice procedures outlined in the Settlement Agreement and approved by the Preliminary Approval Order (Dkt. No. 31, ¶ 6) have been completed; and

WHEREAS, a fairness hearing on final approval of the settlement was held before the Court on November 14, 2014; and

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below Order; now, therefore,

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Stipulation of Settlement and Release Between Plaintiffs and Defendant (Dkt. No. 27) (the "Settlement Agreement") and/or Plaintiffs' Motion for Preliminary Approval (Dkt. No. 26).

2. The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies for settlement purposes only the following Settlement Class: "All current and former migrant and seasonal employees of Sakuma who performed piece rate fruit harvest work for Sakuma in Washington at any time between October 13, 2010 and December 31, 2013."

4. In connection with this conditional certification, the Court makes the following findings:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

   c. Plaintiffs' claims are typical of the claims being resolved through the proposed settlement;

   d. Plaintiffs are capable of fairly and adequately protecting the interests of the Settlement Class members in connection with the proposed settlement;

   e. For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 2
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

individual Settlement Class members. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

   f. For purposes of settlement, certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class members.

 5. The Court has appointed Ana Lopez Demetrio and Francisco Eugenio Paz as representatives of the Settlement Class.

 6. The Court has appointed Marc Cote and Toby Marshall of Terrell Marshall Daudt & Willie PLLC and Daniel Ford and Sarah Leyrer of Columbia Legal Services as counsel for the Settlement Class.

 7. No objections to the Settlement have been lodged.

 8. The terms set forth in the Settlement are approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The Settlement Class is properly certified as part of this settlement. The relief provided to the Settlement Class under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and as a whole.

 9. The Court approves the payment of $327,095.70 in attorneys' fees, $9,141.95 in litigation costs, and $7,762.35 in claims administration expenses to Class Counsel as fair and reasonable. The attorneys' fees are reasonable based on the lodestar method, which is the appropriate method of calculation in this case because Plaintiffs' central claims are brought under Washington statutes that contain attorney fee-shifting for successful recovery of wages (RCW 49.48.030, RCW 49.46.090, and RCW 49.52.070) and Plaintiffs also achieved significant injunctive relief for the Settlement Class. *See Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 922 (9th Cir. 2014). The Court reaches this conclusion after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable hourly rates; (2) the substantial financial recovery for Settlement Class members as

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 3
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

well as the significant injunctive relief that Class Counsel negotiated; (3) the diligent and efficient effort utilized by Class Counsel in litigating Plaintiffs' claims; (4) Class Counsel's substantial experience in wage and hour and complex litigation, and skill utilized to achieve the Settlement; (5) the hurdles to certifying the Settlement Class and proving liability and damages at trial; (6) the relationship between the amount of the fee requested and the excellent result obtained for the Settlement Class; and (7) the reasonableness of the litigation costs and claims administration expenses incurred by Class Counsel.  Class Counsel reasonably expended more than 1508 hours on this litigation, not including hours spent on the notice and claims administration process and post-settlement work on the remaining claims for declaratory relief on the issue of rest break compensation for Sakuma's piece rate employees on a going-forward basis.  Class Counsel's hourly rates—$300 for Marc Cote, $275 for Sarah Leyrer, $400 for Toby Marshall, and $375 for Dan Ford—are reasonable hourly rates considering these attorneys' "experience, skill and reputation," *see Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) (quoting *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 908 (9th Cir.1995)), and considering "the prevailing market rates" in Seattle.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  Applying these reasonable hourly rates to 1508 hours reasonably expended in this litigation, Class Counsel's lodestar is $389,575.00.  The $327,095.70 attorneys' fee award is substantially less than Class Counsel's lodestar, and thus, is reasonable.

10. The Court approves the incentive payments of $3,000 each to Plaintiffs Ana Lopez Demetrio and Francisco Eugenio Paz.  These awards reasonably compensate Plaintiffs for their time and effort in stepping forward to serve as proposed class representatives, assisting in the investigation, keeping abreast of the litigation, being deposed, and meeting and communicating with Class Counsel on an ongoing basis regarding the progress of the litigation, including participation in mediation.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 4
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1. 11. The Settlement Agreement is binding on all Settlement Class Members except for the two Settlement Class Members who opted out of the Settlement Agreement with a valid Exclusion Request.

12. Class Counsel received _____ valid and timely claim forms. Each of these Qualified Claimants shall be entitled to receive a pro rata share of the Settlement Fund as set forth in the Settlement Agreement. In the event that any non-wage portion of the Settlement Fund has not been disbursed as provided for in the Settlement Agreement after a period of one hundred twenty (120) calendar days from the date on which the disbursement checks to Qualified Claimants were issued by the Settlement Administrator, then the Settlement Administrator shall disburse the remaining amounts of non-wage funds to the Northwest Justice Project ("NJP"), with a request that any such funds be earmarked by NJP for assistance to agricultural workers. The work of NJP benefits people who, like Settlement Class members, may require legal assistance regarding unlawful wage practices, and their work therefore serves "the objectives of the underlying statutes[] and the interests of the silent class members . . . ." *Lane v. Facebook, Inc.*, 696 F.3d 811, 819-20 (9th Cir. 2012) (internal quotation omitted). If any Qualified Claimants fail to cash wage award checks within one year of distribution, Sakuma must report and deliver such funds to the state Department of Revenue pursuant to RCW 63.29.

13. Pursuant to the terms of the Settlement Agreement, upon final approval by the Court, Plaintiffs, individually and on behalf of the Settlement Class Members, will release will release, to the extent permitted by law, Sakuma Brothers Farms, Inc., from any and all claims for alleged wage and hour violations asserted in the Operative Complaint, including claims under WAC 296-131-020, RCW 49.46.090, RCW 49.46.070, WAC 296-131-015, WAC 296-131-017, WAC 296-128-010, RCW 49.52.050, 29 U.S.C. § 1822(a), 29 U.S.C. § 1832(a), 29 U.S.C. § 1821(d)(2), 29 U.S.C. § 1831(c)(2), 29 U.S.C. § 1821(d)(1), 29 U.S.C. § 1831(c)(1), 29 U.S.C. § 1822(c), 29 U.S.C. § 1832(c)), that arose between October 23, 2010 and December

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  31, 2013. This release does not include (1) Plaintiffs and class members' claims for declaratory
2  relief on the issue of whether Sakuma must pay for the time piece rate workers spend in rest
3  breaks under WAC 296-131-020(2) and the MWA on a going-forward basis in 2014
4  ("Unreleased Claim for Declaratory Relief"); (2) any claim arising out of the Crop Assignment,
5  promissory note, and confession of judgment Sakuma will provide as security for its payment
6  obligations under this Settlement Agreement; and (3) any claim for retaliation for participating
7  in this class action lawsuit or benefitting from the Agreed Injunctive Relief.

8        14.    Neither this Order nor any aspect of the Settlement Agreement is to be construed
9  or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of
10 Defendant.  Defendant specifically denies any liability.  Each of the Parties to the settlement
11 entered into the Settlement Agreement with the intention to avoid further disputes and litigation
12 with the attendant inconvenience and expenses.

13       15.    Without affecting the finality of this Order, or the judgment to be entered
14 pursuant hereto, in any way, the Court retains jurisdiction over the claims against Defendants
15 for purposes of addressing: (1) any disputes arising from the Settlement Agreement; (2)
16 settlement administration matters; (3) such post-judgment matters as may be appropriate under
17 the Federal Rules of Civil Procedure; and (4) Plaintiffs' and class members' claims for
18 declaratory relief on the issue of whether Sakuma must provide pay for the time piece-rate
19 workers spend in rest breaks under WAC 296-131-020(2) and/or the Washington Minimum
20 Wage Act on a going-forward basis.  The Settlement and this Final Approval Order do not
21 resolve, and Plaintiffs and class members do not release, such claims for declaratory relief.
22 Plaintiffs have filed a Motion to Certify Legal Questions to Washington Supreme Court (Dkt.
23 No. 32) regarding the underlying legal issues for those claims for declaratory relief, and this
24 Court will decide that motion in due course.

25       16.    The Clerk shall enter a judgment certifying the Settlement Class and finally
26 approving the Settlement Agreement.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 6
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

|    |    |
|----|----|
| 1  | IT IS SO ORDERED. |
| 2  | DATED this _____ day of _____, 2014. |
| 3  |    |
| 4  |    |
| 5  | _____ |
|    | Honorable Marsha J. Pechman |
| 6  | United States Magistrate Judge |
| 7  |    |
| 8  | Presented by: |
|    | TERRELL MARSHALL DAUDT & WILLIE PLLC |
| 9  |    |
| 10 |    |
|    | By:  /s/ Marc C. Cote, WSBA #39824 |
| 11 |     Toby J. Marshall, WSBA #32726 |
|    |     Email:  tmarshall@tmdwlaw.com |
| 12 |     Marc C. Cote, WSBA #39824 |
|    |     Email:  mcote@tmdwlaw.com |
| 13 |     Beau C. Haynes, WSBA #44240 |
| 14 |     Email:  bhaynes@tmdwlaw.com |
|    |     936 North 34th Street, Suite 300 |
| 15 |     Seattle, Washington  98103 |
|    |     Telephone:  (206) 816-6603 |
| 16 |     Facsimile: (206) 350-3528 |
| 17 |    |
|    | COLUMBIA LEGAL SERVICES |
| 18 |    |
|    | By:  /s/ Sarah Leyrer, WSBA #38311 |
| 19 |     Daniel G. Ford, WSBA #10903 |
|    |     Email:  dan.ford@columbialegal.org |
| 20 |     Sarah Leyrer, WSBA #38311 |
|    |     Email:  sarah.leyrer@columbialegal.org |
| 21 |     101 Yesler Way, Suite 300 |
| 22 |     Seattle, Washington  98104 |
|    |     Telephone:  (206) 464-5936 |
| 23 |     Facsimile: (206) 382-3386 |
| 24 | *Attorneys for Plaintiffs and Proposed Class* |
| 25 |    |
| 26 |    |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 7
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# CERTIFICATE OF SERVICE

I, Marc C. Cote, hereby certify that on September 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Adam S. Belzberg
>Email: abelzberg@grahamdunn.com
>GRAHAM & DUNN
>Pier 70
>2801 Alaskan Way, Suite 300
>Seattle, Washington 98121-1128
>Telephone: (206) 340-9654
>Facsimile: (206) 340-9599

*Attorney for Defendants*

DATED this 23rd day of September, 2014.

>TERRELL MARSHALL DAUDT & WILLIE PLLC
>
>By: /s/ Marc C. Cote, WSBA #39824
>Marc C. Cote, WSBA #39824
>Email: mcote@tmdwlaw.com
>936 North 34th Street, Suite 300
>Seattle, Washington 98103
>Telephone: (206) 816-6603
>Facsimile: (206) 350-3528

*Attorneys for Plaintiffs and Proposed Class*

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 8
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com