UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO EUGENIO PAZ, et al., | CASE NO. C13-1918 MJP |
| Plaintiffs, | ORDER ON MOTION TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT |
| v. | |
| SAKUMA BROTHERS FARMS INC, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiffs' Motion to Certify Legal Questions to the Washington Supreme Court. (Dkt. No. 32.) Having reviewed the Parties' briefing and all related papers, the Court hereby GRANTS the motion.

**Background**

This motion presents the last remaining piece of a class action brought by piece-rate fruit pickers against their employer, Sakuma Brothers Farms, Inc., for unpaid and missed rest breaks in violation of Washington law.

The parties reached a settlement concerning monetary damages for conduct up until December 31, 2013, and for injunctive relief for class members. The settlement agreement

does not resolve, and Plaintiffs have not released, one final issue: a request for declaratory relief on whether, going forward, Sakuma Brothers must separately pay their piece-rate workers for rest breaks under WAC 296-131-020(2) and the Minimum Wage Act. This Court's preliminary approval of the settlement agreement allowed Plaintiffs to either present this issue to the Court for resolution or propose that the underlying legal issues be certified to the Washington Supreme Court. (Dkt. No. 31 at 5.) Plaintiffs now move for certification of the following questions:

(1) does a Washington agricultural employer have an obligation under WAC 296-131-020(2) and/or the Washington Minimum Wage Act to separately pay piece-rate workers for the rest breaks to which they are entitled?; and

(2) if the answer is 'yes,' how must Washington agricultural employers calculate the rate of pay for the rest break time to which piece-rate workers are entitled?

**Discussion**

I. Legal Standard

This Court may certify a question to the Washington Supreme Court when "it is necessary to ascertain the local law of this state in order to dispose of [a] proceeding and the local law has not been clearly determined." RCW 2.60.020. The certification process is designed to "build a cooperative judicial federalism" and serve the interests of judicial efficiency and comity. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). Use of the certification procedure "rests in the sound discretion of the federal court." Id.

Certification is particularly appropriate when there is no appellate authority interpreting a statute at issue, when the state law issue is especially complex, and when the issue has significant policy implications. Perez-Farias v. Global Horizons, Inc., 668 F.3d 588, 589, 593 (9th Cir. 2011). Stated differently, certification is appropriate where the law "is not entirely settled," and

an answer to the question would "have far-reaching effects." Keystone Land & Dev. Co. v. Xerox Corp., 353 F.3d 1093, 1097 (9th Cir. 2003).

II.     Necessary to Dispose of the Proceeding

Certification is appropriate when "it is necessary to ascertain the local law of [Washington] in order to dispose of a proceeding." RCW 2.60.020.

Washington Administrative Code 296-131-020(2) states that "[e]very employee shall be allowed a rest period of at least ten minutes, on the employer's time, in each four-hour period of employment." (emphasis added.) Determination of whether this law, or the Minimum Wage Act, requires Sakuma Brothers to separately pay piece-rate workers for rest breaks is determinative of whether Plaintiffs should be awarded declaratory relief.

III.    Local Law is Not Entirely Settled/Has Not Been Clearly Determined

Certification is appropriate when "local law has not been clearly determined." RCW 2.60.020. Absence of a published opinion by a Washington appellate authority allows for, but does not require, certification. See Perez-Farias, 668 F.3d 588; Madison House, Ltd. v. Sotheby's Int'l Realty Affiliates, 2007 WL 564151 (W.D. Wash. Feb. 20, 2007). The ultimate question is whether or not local law is "clearly determined" or "entirely unsettled."

Plaintiffs argue that while the Washington Supreme Court has determined that non-agricultural workers are entitled to separately-paid rest breaks, Wingert v. Yellow Freight Sys., Inc., 146 Wn.2d 841, 848-51 (2002), no published Washington case addresses whether and how piece-rate agricultural workers must be compensated for breaks. (Dkt. No. 32 at 5.)

Defendant contends that Washington law is "not unclear" and argues that the parties should submit full summary judgment briefing to this Court, which "may provide a basis for resolution of the dispute without need for an interpretation of the regulation, rendering the issue

1    of certification moot." (Dkt. No. 34 at 3-4.) But Defendant points to no authority this Court

2    could rely on to determine the issue on summary judgment, and does not explain how further

3    briefing on the issue would provide an alternate basis for resolution. Defendant's arguments are

4    unpersuasive.

5          IV.    The Issue has Significant Policy Implications/Far-reaching Effects

6          Certification is appropriate where the state law issue has "significant policy

7    implications," Perez -Farias, 668 F.3d at 593, and resolution would "have far-reaching effects."

8    Keystone Land & Dev., 353 F.3d at 1097.

9          Plaintiffs argue that rest breaks are necessary to provide relief from work or exertion, and

10   that without paid breaks, piece-rate farm workers may feel pressure to forgo breaks altogether in

11   order to meet employer-set production standards. (Dkt. No. 32 at 6.) Plaintiffs contend that a

12   decision on this issue "likely affects more than 130,000 [agricultural] workers in Washington."

13   Id. Defendant agrees that resolution of the issue would be important to the Parties, but argues

14   that no evidence indicates what effect a decision related to a berry farm in Skagit County would

15   have on other agricultural workers in Washington, such as those working on Eastern

16   Washington's wheat farms. (Dkt. No. 34 at 4.) Defendant further argues that the fact that no

17   published cases address this issue, despite the regulation being in effect since 1990, demonstrates

18   that a decision would not have far-reaching effects. Id.

19         The workplace conditions of agricultural workers have significant policy implications for

20   workers, employers, and the state of Washington. Piece-rate workers are often more vulnerable

21   to grueling demands, and a decision on whether or not they are entitled to paid breaks, or

22   payment for missed breaks, will have far-reaching effects in terms of both workplace conditions

23   and fair wages. Agricultural employers often have thousands of employees, and a decision on

24

how much they must pay those employees is likely to have a significant impact on how they organize their businesses. Washington has an interest in ensuring that employers abide by its labor laws, and in effective regulation and advancement of the state's agricultural industry. The Court agrees that this issue has significant policy implications.

### Conclusion

Because no Washington appellate authority has addressed these questions and they have significant implications for the lives of thousands of workers and employers, the Court GRANTS the motion to certify questions to the Washington Supreme Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 10th day of October, 2014.

Marsha J. Pechman
Chief United States District Judge