1

2

3

4

5

6

THE HONORABLE MARSHA J. PECHMAN

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8

9    ANA LOPEZ DEMETRIO and FRANCISCO          CLASS ACTION
     EUGENIO PAZ, individually and on behalf of
10   all others similarly situated,            NO. 2:13-cv-01918-MJP

11                     Plaintiffs,             **PLAINTIFFS' MOTION FOR
                                               PRELIMINARY APPROVAL OF
12            v.                                CLASS ACTION SETTLEMENT
                                               REGARDING CERTIFIED
13   SAKUMA BROTHERS FARMS, INC.,              QUESTIONS**

14                     Defendant.

15                                             **NOTE ON MOTION CALENDAR:
                                               March 25, 2016**
16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS
CASE NO. 2:13-cv-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## TABLE OF CONTENTS

**Page**

2

I.   INTRODUCTION AND RELIEF REQUESTED ..........................................1

3

II.  STATEMENT OF THE FACTS .......................................................................2

4

   A.   Relevant Factual and Procedural Background ....................................2

5

6  B.   Plaintiffs Thoroughly Analyzed the Certified Question Claims,
        Briefed and Argued the Issues to the Washington Supreme Court, and
7       Achieved Success for the Class ..........................................................6

8  C.   The Terms of the Proposed Settlement ...............................................7

9      1.   The Settlement Class ...............................................................7

10
        2.   The Release as to All Settlement Class Members ...................8
11
        3.   The Settlement Relief ..............................................................8
12
13           i.    Class Payment ..............................................................8

14           ii.   Attorneys' Fees and Litigation Expenses .....................9

15           iii.  Administration of Settlement ......................................9

16      4.   The Notice Program .................................................................9

17      5.   The Anti-Retaliation Provision ..............................................10

18

III. ARGUMENT AND AUTHORITY ................................................................10
19

20 A.   Class Action Settlement Approval Process .......................................10

21 B.   The Criteria for Settlement Approval Are Satisfied ..........................12

22      1.   The Settlement Agreement Is the Product of Serious, Informed,
             and Arm's-Length Negotiations After Plaintiffs Secured the Legal
23           Ruling They Sought From the Washington Supreme Court .................12

24      2.   The Settlement Agreement Provides Full Monetary Relief for the
             Certified Question Rest Break Claims ...................................14
25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - i
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3.      The Attorney Fee Provision Is Fair and Reasonable ............................ 14

4.      The Attorney Fee and Cost Petition Will Be Available to Settlement
        Class Members Before the Objection Deadline ..................................... 15

C.      Provisional Certification of the Class is Appropriate ......................................... 15

D.      The Proposed Notice Program Is Constitutionally Sound ................................ 17

IV.     CONCLUSION ........................................................................................................... 18

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - ii
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1

# TABLE OF AUTHORITIES

Page

2

## STATE CASES

3

*Lopez Demetrio v. Sakuma Brothers Farms, Inc.*,
 183 Wn.2d 649, 355 P.3d 258 (2015) ..................................................................... 1, 5

4

5

## FEDERAL CASES

6

*Class Plaintiffs v. City of Seattle*,
 955 F.2d 1268 (9th Cir. 1992) ...................................................................... 11

7

8

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) .............................................................. 12, 14

9

10

*Hughes v. Microsoft Corp.*,
 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ...................................... 12

11

*In re Mercury Interactive Corp. Sec. Litig.*,
 618 F.3d 988 (9th Cir. 2010). .............................................................. 15

12

13

*Laguna v. Coverall N. America, Inc.*,
 753 F.3d 918 (9th Cir. 2014) ............................................................... 12

14

15

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
 244 F.3d 1152 (9th Cir. 2001) ............................................................. 16

16

17

*Mullane v. Cent. Hanover Bank & Trust Co.*,
 339 U.S. 306 (1950) .......................................................................... 17

18

19

*Officers for Justice v. Civil Serv. Comm'n*,
 688 F.2d 615 (9th Cir. 1982) ......................................................... 11, 12

20

21

*Pelletz v. Weyerhaeuser Co.*,
 255 F.R.D. 537 (W.D. Wash. 2009) ..................................................... 12

22

23

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 (1985) .......................................................................... 17

24

*Silber v. Mabon*,
 18 F.3d 1449 (9th Cir. 1994) ............................................................. 17

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

**FEDERAL RULES**

3

Fed. R. Civ. P. 23 ............................................................................................................. 16, 17

4

**STATE STATUES**

5

Revised Code of Washington 2.60.020 .......................................................................................4

6

Revised Code of Washington 49.48.030 ...........................................................................*passim*

7

**STATE REGULATIONS**

8

9

Washington Administrative Code 296-131-020..................................................................*passim*

10

**OTHER AUTHORITIES**

11

Herbert B. Newberg & Alba Conte,
        Newberg on Class Actions (5th ed. 2013)................................................................*passim*

12

13

Manual for Complex Litigation (Fourth) ("*MCL 4th*") (2015) .................................... 11, 12, 16

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - iv
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## I.  INTRODUCTION AND RELIEF REQUESTED

2      On April 15, 2014, after over twelve hours of intense settlement negotiations at

3 mediation, Plaintiffs and Sakuma Brothers Farms, Inc. reached agreement on a resolution of the

4 pre-2014 damages claims of Plaintiffs and the class of Sakuma workers who picked fruit for the

5 company on a piece-rate basis.  The parties could not agree, however, on a central question

6 going forward:  Whether Sakuma must separately pay its piece-rate workers for their rest break

7 time beginning in the 2014 season.  Thus, the settlement agreement covered claims through

8 2013, and Plaintiffs reserved the right to present the rest break pay issue to this Court or ask

9 that it be certified to the Washington Supreme Court for resolution.  This way, class members

10 could obtain a remedy for the pre-2014 claims sooner, and Plaintiffs could pursue a definitive

11 ruling on whether Sakuma must separately pay them for rest break time beginning in 2014.

12      Plaintiffs pursued this approach with no guarantee of success.  No Washington case had

13 addressed whether piece-rate employers must separately pay their workers for rest breaks, and

14 Plaintiffs were not aware of a single piece-rate agricultural employer in Washington that

15 separately paid workers for breaks.  Nevertheless, Plaintiffs were willing to take a substantial

16 risk of losing on the issue because they strongly believed that Washington law required

17 employers to separately pay for rest breaks for pieceworkers, and that employers around the

18 state were violating this legal requirement.

19      In July 2015, the Washington Supreme Court agreed with Plaintiffs in a unanimous

20 decision, *Lopez Demetrio v. Sakuma Brothers Farms, Inc.*, 183 Wn.2d 649, 652-53, 355 P.3d

21 258 (2015).  The Court held that piece-rate farm workers have the right to receive separate

22 compensation for rest break time—above and beyond their piece-rate pay.  *Id.*  The Court also

23 held employers must pay each worker's average hourly rate for rest break time, and that rate

24 cannot fall below minimum wage.  *Id.*

25      In the months following the Washington Supreme Court's decision, the parties

26 exchanged damages data and analysis and ultimately reached a resolution of the remaining

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 1
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    claims in this case.  Plaintiffs now respectfully move for preliminary approval of the

2    Stipulation of Settlement and Release Regarding Certified Question Claims ("Settlement").

3    The Settlement provides for full payment of all unpaid rest breaks for 2014, plus interest.  As

4    part of the litigation on the certified questions, Plaintiffs also successfully caused Sakuma to

5    revise its pay model to ensure separate payment for rest breaks in 2015.  Sakuma provided

6    evidence of rest break pay for the 2015 season as a part of these settlement discussions.  And,

7    of course, Sakuma and all other agricultural employers in Washington must now separately pay

8    for rest break time as a result of Plaintiffs' pursuit of a definitive ruling on this issue.  As part

9    of the Settlement, the parties agree that Plaintiffs are entitled to reasonable attorneys' fees and

10   costs for their counsel's work on the certified questions and resolution of the post-2013 rest

11   break claims.  If the Court grants this motion for preliminary approval, Plaintiffs will submit a

12   separate motion for an award of attorneys' fees and costs.

13          The Settlement is fair and reasonable and serves the best interests of the Class

14   Members.  Accordingly, Plaintiffs respectfully requests that the Court: (1) grant preliminary

15   approval of the Settlement; (2) approve the proposed notice plan; and (3) schedule the final

16   fairness hearing and related dates proposed by the parties.

17                              **II.  STATEMENT OF THE FACTS**

18   **A.       Relevant Factual and Procedural Background**

19          The Court is familiar with the factual and procedural context of this case, but Plaintiffs

20   provide the following summary for background.  Sakuma and its related companies market

21   themselves as world leaders in berry research and development, with a large nursery operation

22   in California, a large fruit production and processing operation in Skagit County, and a

23   complex picking operation in Skagit County.  Sakuma hires immigrant workers to work in the

24   fruit harvest at fields in Skagit County and, until 2015, traditionally paid these workers on a

25   piece-rate basis for the amount of fruit they pick (for example, a rate per pound of

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 2
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    strawberries).  The workers pick strawberries, blueberries, blackberries, and raspberries during

2    the seasonal harvest each year.

3        Because Sakuma paid the piece-rate workers only for the amount of fruit they picked

4    before 2015, the company did not pay for time the workers spent in rest breaks (when, by

5    definition, they were not picking fruit).  Thus, if a piece-rate worker stopped picking fruit to

6    take a rest break, the employee stopped earning money.  Similarly, the company did not pay its

7    piece-rate workers for other periods of so-called "non-productive" work.[1]

8        Plaintiffs filed this lawsuit in October 2013, alleging that Sakuma (1) failed to pay for

9    hours worked before and after picking fruit; (2) failed to pay minimum wage for all hours

10   worked; (3) failed to provide and pay for rest periods "on the employer's time;" and (4) failed

11   to provide and keep accurate statements of hours worked.  Plaintiffs alleged this conduct

12   violated Washington wage and hour laws and the federal Migrant and Seasonal Agricultural

13   Worker Protection Act ("AWPA").

14       The parties engaged in extensive discovery, including multiple depositions, over several

15   months until they reached an agreement to settle the class-wide damages claims in May 2014.

16   Sakuma agreed to pay a total of $850,000 and to provide injunctive relief by changing certain

17   employment practices the workers alleged were illegal.  This Court approved this initial

18   settlement in late 2014.  Dkt. #48 at 3.  As part of the settlement, however, the parties were

19   unable resolve one issue: whether, beginning in the 2014 harvest, Sakuma must separately pay

20   its piece-rate workers for rest breaks under WAC 296-131-020(2), and if so, at what rate.  Dkt.

21   #27 at ¶¶10, 20, 24.  Thus, the workers reserved the right to propose that the Washington

22   Supreme Court resolve the issue as a certified question of law.  *Id.* at ¶20.

23       Soon after this Court granted preliminary approval of the initial settlement, Plaintiffs

---

[1] For the 2015 harvest, Sakuma began paying its harvest workers a base hourly rate plus a
production bonus based on the number of pounds picked.  *See* Coral Garnick, *Sakuma Brothers
Farm issues new pay plan for berry pickers*, SEATTLE TIMES (April 17, 2015),
http://www.seattletimes.com/business/agriculture/sakuma-brothers-farm-issues-new-pay-plan-
for-berry-pickers/ (last visited March 9, 2016).

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 3
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

filed a motion to certify the remaining legal questions to the Washington Supreme Court pursuant to RCW 2.60.020.  Dkt. #32.  Sakuma opposed the motion.  Dkt. #34.  This Court granted the motion, certifying the following questions to the state's high court:

> (1) Does a Washington agricultural employer have an obligation under WAC 296-131-020(2) and/or the Washington Minimum Wage Act to separately pay piece-rate workers for the rest breaks to which they are entitled?

> (2) If the answer is "yes," how must Washington agricultural employers calculate the rate of pay for the rest break time to which piece-rate workers are entitled?

Dkt. #42, 44.

Once the case reached the Washington Supreme Court, it attracted intense interest from both the agricultural industry and farm worker advocates.  Amicus briefs were filed by several industry groups, including the Washington Farm Bureau Federation, the Western Growers Association, the Washington Farm Labor Association, and the Washington Growers League.  Declaration of Marc C. Cote in Support of Preliminary Approval of Class Action Settlement Regarding Certified Questions ("Cote Decl.") ¶ 2.  The Association of Washington Business also joined the agricultural industry in opposing the workers' arguments for separate and additional pay for rest breaks.  *Id.*  On the pro-worker side, amicus briefs were filed by, among other groups, the United Farm Workers of America, Farmworker Justice, the National Employment Law Project, the Washington State Labor Council, AFL-CIO, and the Washington Employment Lawyers Association.  *Id.*  The Washington Attorney General also filed an amicus brief supporting the workers' position.  *Id.*

The briefing was extensive at the Washington Supreme Court level.  Plaintiffs filed five substantive briefs—the opening and reply brief, plus three briefs in response to amicus briefs filed by Sakuma's industry group allies.  Cote Decl. ¶ 3.  The Washington Supreme Court held oral argument on March 17, 2015 in Toppenish, Washington as part of the Court's "traveling court" program.  *Id.*

Plaintiffs argued to the Washington Supreme Court that that the same rule that ensures

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 4
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  payment for the "time spent" on rest breaks for employees outside of agriculture should apply

2  to piece-rate farm workers.  They asserted that excluding farm workers from wage-and-hour

3  protections that benefit other Washington employees would be contrary to legislative and

4  regulatory intent and Washington case law.  And they argued that excluding a historically

5  marginalized group from this essential labor protection would be unfair to the low-wage

6  workers who toil under harsh conditions to pick the fruit and vegetables we eat.  Thus,

7  Plaintiffs asked that the Court hold that Washington employers must separately pay piece-rate

8  farm workers for rest break time based on the workers' weekly average hourly rate from

9  piecework, but no less than minimum wage.

10      In a July 16, 2015 opinion, a unanimous Washington Supreme Court agreed.  The Court

11  held that "employers must pay employees for rest breaks separate and apart from the piece

12  rate" because an "all-inclusive piece rate compensates employees for rest breaks by deducting

13  pay from the wages the employee has accumulated that day."  *Sakuma*, 183 Wn.2d at 653.  The

14  Court explained that "[h]ourly employees do not finance their own rest breaks in this way, and

15  requiring pieceworkers to do so strips the phrase 'on the employer's time' of any practical

16  meaning."  *Id.*  With regard to the question of the proper rate for rest break time, the Court

17  agreed with the workers that rest breaks for pieceworkers must "be paid at least at the

18  applicable minimum wage or the employee's regular rate, whichever is greater."  *Id.*

19      After the opinion was issued, the parties began to discuss resolution of the remaining

20  certified-question rest break claims.  Sakuma had continued using a piece-rate pay system in

21  2014 under which the company did not separately pay for rest breaks.  Cote Decl. ¶ 4.  Thus,

22  the parties exchanged and analyzed payroll and timekeeping data and damages calculations for

23  the 2014 season to determine each worker's unpaid rest break wages at the worker's average

24  hourly rate.  *Id.*  Sakuma also provided evidence that its new 2015 "production-bonus" system

25  ensured full payment for rest breaks at each worker's average hourly rate.  *Id.*

26      In late November 2015, the parties reached a tentative resolution of the certified-

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 5
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   question claims, in which the parties agreed to the following:

2       (1) Sakuma's payment for all pieceworker rest breaks during the 2014 season at each
3       worker's regular hourly rate (as determined based on the average hourly rate each week
    from piecework), for a total of $87,160.96;

4       (2) Sakuma's payment of prejudgment interest on the full amount of rest break wages
    owing at 12% per year (from the time wages were due after each pay period until the
5       judgment is entered); and

6       (3) Plaintiffs' entitlement to reasonable attorneys' fees and costs for their counsel's
    work on the certified questions and resolution of the 2014 rest break claims, pursuant to
7       RCW 49.48.030.

8   Dkt. #58.  Plaintiffs' counsel provided Sakuma their detailed time records to facilitate

9   resolution of the amount of attorneys' fees and costs to be paid by Sakuma, but the parties were

10  unable to agree on the proper amount of attorneys' fees and costs.  Cote Decl. ¶ 5.  Thus,

11  Plaintiffs will submit a motion for award of attorneys' fees and costs after entry of an order

12  granting preliminary approval of the Settlement.

13      The parties negotiated the remaining details of the Settlement and language of the final

14  agreement and notice until they reached a final written agreement in late January 2016.  *Id.*  ¶ 6.

15  There were delays in obtaining final signatures, however, which is why this motion was not

16  filed at an earlier time.  *Id.*  An executed copy of the Stipulation of Settlement and Release

17  Regarding Certified Question Claims, including the proposed notice, has been filed with the

18  Court.  At all times, the negotiations between the parties to reach this Settlement have been

19  adversarial, non-collusive, and at arm's-length.  *Id.*

20  **B.**  **Plaintiffs Thoroughly Analyzed the Certified Question Claims,**
21      **Briefed and Argued the Issues to the Washington Supreme Court, and**
    **Achieved Success for the Class**

22      The Washington Supreme Court opinion on the certified questions and this Settlement

23  are the product of Plaintiffs' and their counsel's commitment to the best interests of the class.

24  Plaintiffs' counsel have extensive experience advocating for immigrant workers and

25  investigating, litigating, certifying, trying, and settling class action cases like this one.  *See* Dkt.

26  #28, ¶¶ 7–11; Dkt. #29, ¶¶ 4-5.  Here, Plaintiffs' counsel spent hours investigating the factual

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 6
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   bases of the workers' rest break claims, developing the strategy for resolution of the certified

2   question claims, researching the legal issues relating to the certified questions, and briefing the

3   Motion to Certify Legal Questions to the Washington Supreme Court.  Cote Decl. ¶ 7.

4        After this Court certified the legal questions to the Washington Supreme Court,

5   Plaintiffs' counsel continued to work hard to achieve rest break payment for Sakuma's

6   pieceworkers.  Counsel continued investigating the facts and law in preparation for briefing to

7   the Washington Supreme Court.  They carefully crafted a persuasive opening brief to the

8   Washington Supreme Court, fully addressed Sakuma's extensive arguments in the reply brief

9   filed with the Washington Supreme Court, and analyzed and responded to the arguments

10  offered by Sakuma's allies in responses to amicus briefs.  Plaintiffs' counsel also diligently

11  prepared for oral argument with the Washington Supreme Court.  *Id.*  ¶ 8.

12       After the Washington Supreme Court issued its opinion, Plaintiffs' counsel negotiated

13  full payment for the unpaid 2014-season rest breaks, plus interest.  *Id.* ¶ 9.  Plaintiffs' counsel

14  also obtained evidence of full payment for rest breaks in 2015.  *Id.*  Plaintiffs' counsel

15  negotiated the remaining elements of the Settlement, drafted the written settlement agreement

16  and notice, and negotiated the details of the final written documents.  *Id.* ¶ 6.  The result of

17  Plaintiffs' counsel's work will be full payment of all unpaid rest break wages for 2014, plus

18  interest, and full payment for all rest breaks for Washington piece-rate farm workers for future

19  years.

20  **C.**     **The Terms of the Proposed Settlement**

21       The terms of the parties' proposed Settlement are contained in the agreement filed with

22  the Court.  For this request for preliminary approval, the following summarizes the

23  Settlement's salient terms:

24       1.    <u>The Settlement Class</u>

25       For purposes of settlement, the parties have stipulated to class certification.  The

26  proposed Settlement Class will include about 780 migrant and seasonal employees of Sakuma

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 7
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   who performed piece-rate fruit harvest work for Sakuma in Washington in 2014 or 2015 (the

2   "Class Members").  Settlement Agreement ¶11.  "Qualified Class Members" will include Class

3   Members who do not timely exclude themselves from the Settlement following the process

4   outlined in the Settlement Agreement.  *Id*. ¶15.

5           2.       The Release as to All Settlement Class Members

6           Under the Settlement Agreement, upon final approval by the Court, all Qualified Class

7   Members will release Sakuma from any and all claims for alleged violations of WAC 296-131-

8   020 that arose in 2014 or 2015.  Settlement Agreement ¶21.

9           3.       The Settlement Relief

10          i.       *Class Payment.*  Pursuant to the terms of the Settlement Agreement,

11  Sakuma will pay for all pieceworker rest breaks during the 2014 season at each worker's regular

12  hourly rate (determined based on the average hourly rate each week from piecework) or

13  minimum wage, whichever is higher, for a total of $87,160.96.  Settlement Agreement ¶17.a.

14  Sakuma will also pay prejudgment interest on the full amount of rest break wages owing to each

15  Qualified Class Member who performed piece-rate work in 2014 at 12% per year (from the time

16  wages were due after each pay period until the judgment is entered).  *Id.* ¶17.b.  Sakuma will

17  directly pay the Qualified Class Members who performed piece-rate fruit harvest work in 2014

18  the payments referenced above within 180 days of an order granting final approval of the

19  settlement.  *Id.* ¶17.d.  Workers will not be required to make a claim to receive a payment.  *Id.*

20  ¶20.c.

21          The settlement checks will be negotiable for one year from the date of issue.  *Id.*  If any

22  Qualified Class Members fail to cash any award checks within one year of distribution, Sakuma

23  will deliver such funds to the non-profit organization Catholic Community Services (in Skagit

24  County) as *cy pres*.  *Id.*  Similarly, if any Settlement Class Member opts out of the Settlement,

25  Sakuma will issue that Settlement Class Member's portion of the Settlement funds to Catholic

26  Community Services (in Skagit County) as *cy pres*.  *Id.*  Sakuma will request that these funds be

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 8
CASE NO. 2:13-cv-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   earmarked for farm worker assistance.  *Id.*

2           ii.      *Attorneys' Fees and Litigation Expenses*.  The Settlement Agreement

3   provides that Plaintiffs' counsel, as designated Class Counsel, are entitled to receive an award

4   of reasonable attorneys' fees and costs pursuant to RCW 49.48.030 for their work on the

5   certified questions and resolution of the 2014 rest break claims (including work performed both

6   in the federal district court and the Washington Supreme Court).  Settlement Agreement ¶17.c.

7   After a preliminary approval order is entered, Plaintiffs will submit a motion for an award of

8   attorneys' fees and costs to the Court to determine the amount of the award.  *Id.*  The attorneys'

9   fees and costs ultimately awarded will be separate and apart from the settlement funds allotted

10  to the Qualified Class Members.

11          iii.      *Administration of Settlement*.  The parties have agreed that Class

12  Counsel will administer notice of the settlement, and Sakuma will issue settlement payments to

13  Qualified Class Members.  Settlement Agreement ¶20.

14          4.      The Notice Program

15          In conjunction with preliminary approval, Plaintiffs respectfully ask the Court to

16  approve a notice program in which Class Counsel will mail a Settlement Notice in Spanish and

17  English ("Notice") to each Settlement Class Member's last known address.  Settlement

18  Agreement ¶20.b.  The Notice will inform the workers of the Settlement Agreement and their

19  rights under it.  *See* Settlement Agreement, Ex. A (English version of Notice).  Many of the

20  Settlement Class Members are indigenous Mexican nationals who speak limited Spanish and

21  have limited reading skills.  Dkt. #29 ¶¶8-9.  Their native languages have no written form.  *Id.*

22  ¶9.  Thus, the Notice will inform recipients that they may call a phone line to hear a recording

23  with information about the Settlement in any of three indigenous languages (Triqui de San

24  Martin Intuyoso, Mixtico Alto and Mixteco Bajo).[2]  Settlement Agreement, Ex. A.

25          Within 31 days of receiving an order granting preliminary approval of this Settlement,

26  _____

[2] Plaintiffs learned through worker interviews that these are the three indigenous languages commonly spoken by
Sakuma piece-rate berry harvest workers.  *See* Dkt. 29 ¶9.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 9
CASE NO. 2:13-CV-01918-MJP

1   Class Counsel will mail the Notices.  Settlement Agreement ¶20.b.  Class Counsel will also

2   provide a Notice to any Settlement Class Member who contacts Class Counsel and requests

3   one.  *Id.*  Settlement Class Members will have 30 days after the initial mailing date to request

4   exclusion from the Settlement or to object.  *Id.* ¶20.d.-e.  Furthermore, Settlement Class

5   Members will not be required to submit a claim form to receive a Settlement payment.  Rather,

6   all Settlement Class Members who performed piece-rate fruit harvest work for Sakuma in 2014

7   and who are eligible for a payment will receive one unless they opt out of the Settlement.  *Id.*

8   ¶20.b.

9          The Notice will inform Settlement Class Members of the anticipated, approximate

10  amount that Class Counsel will seek in attorneys' fees and costs.  *Id.*, Ex. A at 2-3.  It will also

11  inform Settlement Class Members that Class Counsel's motion for attorneys' fees and costs

12  will be available for Settlement Class Members to review by contacting Class Counsel.  *Id.*  If

13  any Settlement Class Member contacts Class Counsel and requests a copy of the motion, Class

14  Counsel will send a copy by mail to the address provided.  *Id.*  Class Counsel intend to file the

15  motion for attorneys' fees and costs and to make it available to any Settlement Class Member

16  who requests it by no later than seven days after Notice is issued.  *Id.*  ¶22.b.

17          5.      The Anti-Retaliation Provision

18          Sakuma has agreed it will not retaliate against any Settlement Class Member for

19  participating in this lawsuit or benefiting from the agreed monetary relief.  Settlement

20  Agreement ¶18.  The Notice reiterates that Sakuma will not retaliate against any Settlement

21  Class Member.  *Id.*, Ex. A at 1.

22                          **III.  ARGUMENT AND AUTHORITY**

23  **A.     Class Action Settlement Approval Process**

24          As a matter of "express public policy," federal courts strongly favor and encourage

25  settlements, particularly in class actions and other complex matters, where the inherent costs,

26  delays, and risks of continued litigation might otherwise overwhelm any potential benefit the

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 10
CASE NO. 2:13-cv-01918-MJP

1  class could hope to obtain.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

2  1992); *see also* Herbert B. Newberg, Alba Conte, & William B. Rubenstein, *Newberg on Class*

3  *Actions* ("*Newberg*") § 13.44 (5th ed. 2013).  Here, the proposed Settlement provides Qualified

4  Class Members who worked in 2014 the full relief to which they are entitled.

5         The Manual for Complex Litigation describes a three-step procedure for approval of

6  class action settlements: (1) preliminary approval of the proposed settlement; (2) dissemination

7  of notice of the settlement to all affected class members; and (3) a "fairness hearing" or final

8  approval hearing, at which class members may be heard regarding the settlement, and at which

9  evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement

10 may be presented.  *Manual for Complex Litigation (Fourth)* ("*MCL 4th*") §§ 21.632-.634

11 (2015).  This procedure, which is used by courts in this Circuit and endorsed by class action

12 commentator Professor Newberg, safeguards class members' due process rights and enables the

13 court to fulfill its role as the guardian of class interests.  *See Newberg* §§ 13.12; 13.41.

14        With this motion, Plaintiffs request that the Court take the first step in the settlement

15 approval process by granting preliminary approval of the proposed Settlement.  The purpose of

16 preliminary evaluation of a proposed class action settlement is to determine whether the

17 settlement is within the "range of possible approval," and thus whether notice to the class of the

18 settlement's terms and the scheduling of a formal fairness hearing is worthwhile.  *See id.*  The

19 decision to approve or reject a proposed settlement is committed to the Court's sound

20 discretion.  *See City of Seattle*, 955 F.2d at 1276 (stating that in the context of class action

21 settlement, an appellate court cannot "substitute [its] notions of fairness for those of the [trial]

22 judge and the parties to the agreement" and will reverse only upon strong showing of abuse of

23 discretion (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 626 (9th Cir.

24 1982)).

25        The Court's preliminary approval will allow Settlement Class Members to receive

26 notice of the proposed Settlement's terms and the date and time of the final approval hearing, at

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 11
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  which Settlement Class Members may be heard regarding the Settlement, and at which time

2  further evidence and argument concerning the fairness, adequacy, and reasonableness of the

3  Settlement may be presented.  *See MCL 4th* §§ 21.632-.634.  Neither notice nor a hearing is

4  required at the preliminary approval stage; the Court may grant such relief upon an informal

5  application by the settling parties, or even on the basis of information already known, at the

6  Court's discretion.  *See id.* at §§ 13.14, 21.632.

7  **B.**      **The Criteria for Settlement Approval Are Satisfied**

8          While the threshold for preliminary approval requires only that the settlement fall

9  "within the range of possible approval," a preliminary analysis of the final approval criteria

10  shows that Plaintiffs exceed that showing.  *See Newberg* at § 13.13.  At the final approval

11  stage, a proposed settlement may be approved if it is determined to be "fundamentally fair,

12  adequate, and reasonable."  *Laguna v. Coverall N. America, Inc.*, 753 F.3d 918, 921 (9th Cir.

13  2014) (quoting *Officers for Justice*, 688 F.2d at 625), *vacated as moot*, 772 F.3d 608.  Here, the

14  Settlement is the product of serious and informed arm's-length negotiations and warrants

15  preliminary approval.  It is "fundamentally, fair, adequate, and reasonable" because it provides

16  Qualified Class Members the wages to which they are entitled under the Washington Supreme

17  Court's opinion on the certified questions.  Indeed, the Settlement provides Sakuma's 2014

18  pieceworkers the <u>full amount</u> of unpaid rest break wages, plus prejudgment interest.

19         1.      <u>The Settlement Agreement Is the Product of Serious, Informed, and</u>
              <u>Arm's-Length Negotiations After Plaintiffs Secured the Legal Ruling They</u>
20            <u>Sought from the Washington Supreme Court</u>

21         The Court's role is to ensure "the agreement is not the product of fraud or overreaching

22  by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is

23  fair, reasonable and adequate to all concerned."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

24  1027 (9th Cir. 1998) (quoting *Officers for Justice*, 688 F.2d at 625).  "A presumption of

25  correctness is said to attach to a class settlement reached in arms-length negotiations between

26  experienced capable counsel after meaningful discovery."  *Hughes v. Microsoft Corp.*, 2001

WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001); *see also Pelletz v. Weyerhaeuser Co*., 255

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   F.R.D. 537, 542-43 (W.D. Wash. 2009) (approving settlement "reached after good faith, arms-

2   length negotiations").

3          The Settlement Agreement in this case is the result of intensive, arm's-length

4   negotiations between experienced attorneys for both parties who are highly familiar with class

5   action litigation in general and with the legal and factual issues related to the specific certified

6   questions in this case. *See* Dkt. #28 ¶¶2-4, 7; Dkt. #29 ¶¶10-13.  Plaintiffs' counsel are

7   particularly experienced in the litigation, certification, trial, and settlement of wage and hour

8   cases similar to this case.  *See id.*  The Settlement Agreement and payments provided

9   thereunder are the result of months of analysis, briefing, and preparation for oral argument,

10  followed by the exchange and analysis of payroll and timekeeping data, telephone conferences

11  to discuss the data, and arm's-length negotiations to obtain a final resolution of this matter that

12  would end the litigation.  Cote Decl.  ¶ 7.  After the Washington Supreme Court opinion was

13  issued, the parties began to discuss resolution of the remaining certified-question rest break

14  claims for the 2014 season because, during 2014, Sakuma had continued using a piece-rate pay

15  system under which the company did not separately pay for rest breaks.  *Id.*  ¶ 4.  Sakuma also

16  provided evidence that its new 2015 "production-bonus" system ensured full payment for rest

17  breaks at each worker's average hourly rate.  *Id.*

18         In late November 2015, the parties reached a tentative resolution of the certified

19  question claims, in which the parties agreed to: (1) Sakuma's full payment for all pieceworker

20  rest breaks during the 2014 season at each worker's regular hourly rate (as determined based on

21  the average hourly rate each week from piecework); and (2) Sakuma's payment of prejudgment

22  interest on the full amount of rest break wages owing at 12% per year (from the time wages

23  were due after each pay period until the judgment is entered).  After this resolution was

24  reached, Plaintiffs and Sakuma negotiated the final details of the written Settlement Agreement

25  and Notice.

26         Before reaching the Settlement, Plaintiffs' counsel spent a considerable amount of time

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 13
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   analyzing the facts and law, briefing the legal issues, analyzing Sakuma's data, and performing

2   calculations of the amounts owing to each 2014 pieceworker at the worker's average hourly

3   rate.  Plaintiffs reached the agreement with Sakuma only after doing a full and complete

4   analysis of the damages to which the 2014 pieceworkers were entitled.  This supports approval

5   of the settlement.  *See Hanlon*, 150 F.3d at 1027 (finding no basis to disturb the settlement, in

6   the absence of any evidence suggesting that the settlement was negotiated in haste or in the

7   absence of information).  Class Counsel support the settlement as fair, reasonable, adequate and

8   in the best interests of the class.  Cote Decl. ¶ 10.

9           2.      The Settlement Agreement Provides Full Monetary Relief for the
                    Certified Question Rest Break Claims

10          The Settlement Agreement provides the workers full relief for their rest break claims for

11  violation of WAC 296-131-020 for the 2014 season.  Workers can obtain this relief without

12  having to fill out a claim form.  This will help ensure that all Qualified Class Members who are

13  entitled to a payment will receive one.  Furthermore, the settlement payments will be allocated

14  in a manner that is fair and reasonable.  Each Qualified Class Member entitled to a payment

15  will receive a payment based on actual unpaid rest breaks at the worker's actual average hourly

16  rate.  Payments are up to $700 plus interest for a pieceworker who worked the entire season and

17  had a high average hourly rate.  Cote Decl. ¶ 11.  The average payment will be approximately

18  $231.20 plus interest.  *Id.*  Workers will also receive prejudgment interest on the full amount of

19  rest break wages owing at 12% per year from the time wages were due after each pay period

20  until the judgment is entered.

21          3.      The Attorney Fee Provision Is Fair and Reasonable

22          The Settlement Agreement provides that Plaintiffs' counsel, as designated Class

23  Counsel, are entitled to receive an award of reasonable attorneys' fees and costs pursuant to

24  RCW 49.48.030 for their work on the certified questions and resolution of the 2014 rest break

25  claims (including work performed both in the federal district court and the Washington

26  Supreme Court).  Settlement Agreement ¶17.c.  This is a fair and reasonable provision because

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1    an employer that fails to pay employees required wages must pay attorneys' fees and costs to

2    prevailing employees who recover wages in litigation are entitled to payment of reasonable

3    attorneys' fees and costs.  *See* RCW 49.48.030 (stating that in "any action" in which employee

4    recovers wages or salary owed, "reasonable attorney's fees, in an amount to be determined by

5    the court, shall be assessed against said employer or former employer").  Here, the parties agree

6    Class Counsel are entitled to an award of reasonable attorneys' fees and costs, but they disagree

7    on the amount.  Plaintiffs will file a separate motion requesting an award of attorneys' fees and

8    costs, and Sakuma is expected to oppose the amount requested.  The Class Notice will provide

9    Settlement Class Members the opportunity to review and respond to Plaintiffs' motion if they

10   ask Class Counsel for a copy.  However, the amount of attorneys' fees and costs that the Court

11   awards to Class Counsel will not affect the amount of settlement payments the workers will

12   receive.

13            4.      The Attorney Fee and Cost Petition Will Be Available to Settlement
                     Class Members Before the Objection Deadline.
14

15        Courts must allow class members the opportunity to examine the final motion for

16   attorneys' fees and costs before the deadline for objections to a class section settlement.  *In re*

17   *Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).  Class Counsel's

18   motion for an award of attorneys' fees and costs will be available for Settlement Class

19   Members to review by contacting Class Counsel using the contact information listed on the

20   Class Notice.  Settlement Agreement, Ex. A at 2-3.  Furthermore, the Notice will state the

21   anticipated, approximate amount of attorneys' fees and costs Class Counsel will request in their

22   motion.  *Id.*  Settlement Class Members will have a reasonable opportunity to respond to the

23   motion for an award of attorneys' fees and costs if they wish to do so.

     **C.    Provisional Certification of the Class Is Appropriate**
24
          This Court has already certified a class for purposes of settlement, including for
25
     purposes of resolving the previously unreleased claims for separate payment for rest breaks in
26
     2014.  *See* Settlement Agreement, ¶12; Dkt. #31 at ¶¶2, 14; Dkt. #48 at ¶¶3-6, 15.  As part of

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 15
CASE NO. 2:13-cv-01918-MJP

1   this Settlement, the parties again stipulate and agree "that the requisites for establishing class

2   certification with respect to the Settlement Class have been met and are met, and therefore,

3   stipulate to class certification."  Settlement Agreement, ¶12.

4        Thus, for settlement purposes, Plaintiffs respectfully request the Court provisionally

5   certify the following class: "All migrant and seasonal employees of Sakuma who performed

6   piece-rate fruit harvest work for Sakuma in Washington in 2014 or 2015."  *Id.* ¶11.  Provisional

7   certification of a class for settlement purposes permits notice of the proposed settlement to

8   inform class members of the existence and terms of the proposed settlement, of their right to be

9   heard on its fairness, of their right to opt out, and of the date, time and place of the formal

10  fairness hearing.  *See MCL 4th* §§ 21.632, 21.633.

11       Here, certification of the Settlement Class is appropriate under Rule 23(b)(3), and

12  Sakuma stipulates and agrees to class certification for purposes of this settlement.  Settlement

13  Agreement, ¶12.  The numerosity requirement of Rule 23(a) is satisfied.  Sakuma has

14  confirmed that the class consists of approximately 780 migrant and seasonal employees.  *See*

15  Settlement Agreement ¶11.  Joinder of all such persons is impracticable.  *See* Fed. R. Civ. P.

16  23(a)(1).  The commonality requirement is satisfied because the certified questions presented

17  questions of law common to all class members.  *See* Fed. R. Civ. P. 23(a)(2); Settlement

18  Agreement, ¶12.c.  The typicality requirement is satisfied because Plaintiffs' claims arise from

19  the same course of conduct that gives rise to the claims of other Class Members.  *See* Fed. R.

20  Civ. P. 23(a)(3); Settlement Agreement, ¶12.c.  The adequacy of representation requirement is

21  satisfied because Plaintiffs have fairly and adequately the interests of the class by securing full

22  payment for all unpaid rest breaks.  *See* Fed. R. Civ. P. 23(a)(4).  The predominance

23  requirement is satisfied because common legal questions present a significant aspect of the case

24  and have been resolved for all Settlement Class Members in a single adjudication.  *See* Fed. R.

25  Civ. P. 23(b)(3); *see also Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas*

26  *Sands, Inc.*, 244 F.3d 1152, 1162-63 (9th Cir. 2001).

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 16
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Because the claims are being certified for purposes of settlement (rather than trial),

2    there are no issues with manageability (*see Newberg* § 13.18).  Resolution of hundreds of

3    claims in one action is superior to individual lawsuits and promotes consistency and efficiency

4    of adjudication.  *See* Fed. R. Civ. P. 23(b)(3).  Thus, certification of the class for settlement

5    purposes is appropriate.

6    **D.      The Proposed Notice Program Is Constitutionally Sound**

7    To protect Settlement Class Member rights, the Court must provide the best notice

8    practicable regarding the proposed settlement.  Fed. R. Civ. P. 23(c)(2)(B).[3]  The best

9    practicable notice is that which is "reasonably calculated, under all the circumstances, to

10   apprise interested parties of the pendency of the action and afford them an opportunity to

11   present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314

12   (1950).

13   Settlement Class Members can be reasonably identified through Sakuma's own records,

14   which contain information on all of the company's seasonal and migrant fruit harvest workers,

15   including each person's last known phone number and address.  Cote Decl. ¶ 12.  The parties

16   propose sending notice in the form attached as <u>Exhibit A</u> to the Settlement Agreement directly

17   via First Class mail to all Settlement Class Members.  Class Counsel will also create telephone

18   message lines to provide an oral summary of the Notice in the indigenous Mexican languages

19   that many workers speak.  This comprehensive approach will ensure notice reaches as many

20   workers as possible.

21   The language of the Notice is plain and understandable, providing neutral and objective

22   information about the nature of the settlement.  It will be sent to each Settlement Class Member

23   in Spanish and English, and the oral summaries in indigenous languages will also be available

24   by phone.  The Notice includes the definition of the Settlement Class, a statement of each

25

26   [3] *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (noting that provision of "best notice practicable" under the circumstances with description of the litigation and explanation of opt-out rights satisfies due process); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (holding "[w]e do not believe that *Shutts* changes the traditional standard for class notice from 'best practicable' to 'actually received' notice").

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 17
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Settlement Class Member's rights, detailed explanations of how to share in the settlement

2    funds, a statement of the consequences of remaining in the Settlement Class, an explanation of

3    how Settlement Class Members can object or exclude themselves from the Settlement, and

4    methods for contacting Class Counsel to obtain more information.  *See* Settlement Agreement,

5    Ex. A.  Plaintiffs submit the notice program outlined in the Settlement Agreement is the best

6    practicable notice under the circumstances of this case.

7                                              **IV.  CONCLUSION**

8           Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the

9    Settlement; (2) provisionally certify the proposed Settlement Class; (3) approve the proposed

10   notice plan; and (4) schedule the final fairness hearing at the Court's convenience but no earlier

11   than June 27, 2016.

12          RESPECTFULLY SUBMITTED AND DATED this 10th day of March, 2016.

13

14                                         TERRELL MARSHALL LAW GROUP PLLC

15                                         By:  _/s/ Marc C. Cote, WSBA #39824_____
                                                Toby J. Marshall, WSBA #32726
16                                              Email:  tmarshall@terrellmarshall.com
                                                Marc C. Cote, WSBA #39824
17                                              Email:  mcote@terrellmarshall.com
                                                936 North 34th Street, Suite 300
18                                              Seattle, Washington  98103
                                                Telephone:  (206) 816-6603
19                                              Facsimile: (206) 319-5450

20

21                                         COLUMBIA LEGAL SERVICES

22                                         By:  _/s/ Daniel G. Ford, WSBA #10903_____
                                                Daniel G. Ford, WSBA #10903
23                                              Email:  dan.ford@columbialegal.org
                                                101 Yesler Way, Suite 300
24                                              Seattle, Washington  98104
                                                Telephone:  (206) 464-5936
25                                              Facsimile: (206) 382-3386

26                                         *Attorneys for Plaintiffs and Class*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 18
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>CERTIFICATE OF SERVICE</u>

I, Marc C. Cote, hereby certify that on March 10, 2016, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

> Adam S. Belzberg, WSBA #41022
> Email:  adam.belzberg@stoel.com
> STOEL RIVES LLP
> 600 University Street, Suite 3400
> Seattle, Washington 98101
> Telephone:  (206) 386-7516
> Facsimile:  (206) 386-7500

> *Attorney for Defendant*

DATED this 10th day of March, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Marc C. Cote, WSBA #39824
　　　　Marc C. Cote, WSBA #39824
　　　　Email:  mcote@terrellmarshall.com
　　　　936 North 34th Street, Suite 300
　　　　Seattle, Washington  98103
　　　　Telephone:  (206) 816-6603
　　　　Facsimile: (206) 319-5450

*Attorneys for Plaintiffs and Proposed Class*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS  - 1
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com