THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANA LOPEZ DEMETRIO and FRANCISCO EUGENIO PAZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>SAKUMA BROTHERS FARMS, INC.,<br><br>    Defendant. | NO. 2:13-cv-01918-MJP<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT REGARDING CERTIFIED QUESTIONS**<br><br>NOTE ON MOTION CALENDAR:<br><br>**July 8, 2016 at 2:00 p.m.** |

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS
CASE NO. 2:13-CV-01918-MJP

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT AND AUTHORITY ...............................................................................1

    A. The Settlement Satisfies the Criteria for Final Approval .....................................1

        1. The strength of Plaintiffs' certified-question claims and the risk, expense, complexity, and likely duration of further litigation ..........2

        2. The risk of maintaining class action status.................................................3

        3. The amount offered in settlement...............................................................3

        4. The extent of discovery completed and the state of the proceeding..........4

        5. The experience and views of counsel .........................................................5

        6. The presence of a governmental participant..............................................5

        7. The reaction of class members ..................................................................6

    B. The Settlement Is the Result of Informed, Arm's-Length Negotiations ...............6

    C. The Court Ordered Notice Program Is Constitutionally Sound and Has Been Fully Implemented .................................................................................8

    D. The Settlement's Attorney Fee Provision Is Fair and Reasonable .......................9

III. CONCLUSION ..............................................................................................................10

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - i
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

### CASES

*Abdullah v. U.S. Sec. Assoc., Inc.*,
    731 F.3d 952 (9th Cir. 2013) ................................................................................3

*Boyd v. Bechtel Corp.*,
    485 F. Supp. 610 (N.D. Cal. 1979) ........................................................................7

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ................................................................................2

*Evans v. Jeff D.*,
    475 U.S. 717 (1986) .............................................................................................9

*Garner v. State Farm Auto Ins. Co.*,
    No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) ................5

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1988) ..............................................................................1

*Hughes v. Microsoft Corp.*,
    No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ............6

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ................................................................................3

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) ..........................................................3, 6

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004) ......................................................................6

*In re Processed Egg Products Antitrust Litig.*,
    284 F.R.D. 249 (E.D. Pa. 2012) ............................................................................5

*Laguna v. Coverall N. Am.*,
    753 F.3d 918 (9th Cir. 2014) ........................................................................1, 2, 6

*Lane v. Facebook*,
    696 F.3d 811 (9th Cir. 2012) ................................................................................4

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - ii
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Lopez Demetrio v. Sakuma Brothers Farms, Inc.*,
    183 Wn.2d 649, 355 P.3d 258 (2015). ................................................................. 2

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ............................................................................... 2

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) ................................................................ 5, 6

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ................................................................................ 3

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................................ 9

**FEDERAL STATUTES**

28 U.S.C. § 1715(b) ................................................................................................... 5

**STATE STATUTES**

RCW 49.48.030 ..................................................................................................... 4, 9

**STATE REGULATIONS**

Washington Administrative Code 296-131-020 ......................................................... 4

**OTHER AUTHORITIES**

*Manual for Complex Litigation* (Fourth) ("MCL 4th") (2016). ................................ 1

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - iii
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiffs Ana Lopez Demetrio and Francisco Eugenio Paz respectfully submit this motion for final approval of the class action settlement they reached with Defendant Sakuma Brothers Farms, Inc. ("Sakuma") regarding the questions certified to the Washington Supreme Court. For the reasons set forth in this motion and in the papers previously submitted in support of preliminary approval (Dkt. #60-62), the Settlement is fair, adequate, and reasonable, and in the best interests of the Settlement Class. The Settlement provides full payment for all unpaid rest breaks for 2014, plus interest, and as part of the certified-question litigation, Plaintiffs successfully caused Sakuma to revise its pay model to ensure separate pay for rest breaks in 2015 and future years. Accordingly, Plaintiffs request that the Court grant final approval of the Settlement.[1]

## II. ARGUMENT AND AUTHORITY

When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair." *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 923 (9th Cir. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988)), *vacated as moot on other grounds*, 773 F.3d 608. A settlement merits final approval when "the interests of the class are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 425 (2016). Although Rule 23 imposes procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of a settlement is to ensure that it is "fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

**A.   The Settlement Satisfies the Criteria for Final Approval**

In deciding whether to grant final approval to a class action settlement, courts may consider several factors, including:

---

[1] Capitalized terms in this brief have the same meaning as in the Stipulation of Settlement and Release Regarding Certified Question Claims, Dkt. #62.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 1
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement.

*Laguna*, 753 F.3d at 923 (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Not all of the factors are relevant to each case. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The "relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Id.* In this case, the relevant criteria support final approval.

1. <u>The strength of Plaintiffs' certified-question claims and the risk, expense, complexity, and likely duration of further litigation</u>

When Plaintiffs first decided to challenge Sakuma's rest break pay practices for pieceworkers, they faced a significant risk. At that time, neither Plaintiffs nor their counsel were aware of any Washington agricultural employers that separately paid pieceworkers for rest breaks. No Washington case had previously addressed the issue, and Sakuma strenuously argued that compensation for rest breaks was already included in the piece rate. Nonetheless, Plaintiffs thoroughly investigated the factual and legal bases for their claims and believed the claims warranted litigation on behalf of the class. They accepted the risks of losing and pushed forward.

The Washington Supreme Court's opinion on the certified questions and the subsequent Settlement Plaintiffs reached with Sakuma effectively eliminated these risks. Through the Washington Supreme Court opinion, Plaintiffs and the Class established their right to separately paid rest breaks. *See Lopez Demetrio v. Sakuma Brothers Farms, Inc.*, 183 Wn.2d 649, 652-53, 355 P.3d 258 (2015). Through the Settlement, the Class will obtain full payment for unpaid rest breaks for 2014, plus interest. And as part of the litigation on the certified questions, Plaintiffs caused Sakuma to revise its pay model to ensure separate payment for rest breaks in 2015.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 2
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Because the class fully recovered all unpaid compensation for 2014 rest breaks, plus interest, in the Settlement, and obtained full rest-break pay at regular rates in 2015, there is no reason for further litigation on the certified questions. Plaintiffs achieved what they set out to achieve with regard to the certified questions. The Washington Supreme Court opinion and subsequent Settlement allows Settlement Class Members to avoid all risks and obstacles to recovery and to receive substantial benefits.

2. The risk of maintaining class action status

This Court has held that for purposes of settlement this case satisfies the requirements of Rule 23. *See* Dkt. #65 at 1-2. The Court's ruling finds ample support in both the facts and the law. The legal issues that arose from Sakuma's common practices with regard to non-payment for pieceworker rest breaks are uniform for all class members and could be adjudicated on a class-wide basis. *See Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 964 (9th Cir. 2013) (finding predominance satisfied where the proposed class is "sufficiently cohesive to warrant adjudication by representation"). Nonetheless, although Plaintiffs are confident class certification could be maintained through trial, Sakuma may disagree. Sakuma strenuously denied that class certification was appropriate earlier in the case and if it had been successful in presenting facts to support its position, the Court could have refused to certify the class, leaving no remedy for hundreds of pieceworkers.

3. The amount offered in settlement

The Settlement requires Sakuma to pay for all pieceworker rest breaks during the 2014 season at each worker's individual regular hourly rate (as determined based on the average hourly rate each week from piecework), for a total of $87,160.96. Dkt. #62 at 6. Thus, eligible workers will receive 100% of their unpaid rest break wages.[2] The Settlement also requires

---

[2] Courts regularly approve class action settlements where class members receive much smaller portions of their available damages. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964-65 (9th Cir. 2009) (approving settlement amounting to 30 percent of damages estimated by the class expert); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (approving a settlement estimated to be worth between 1/6 to 1/2 the plaintiffs' estimated loss); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement amounting to 6 percent of estimated potential damages).

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 3
CASE NO. 2:13-cv-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Sakuma to pay prejudgment interest on the full amount of rest break wages owing at 12% per year (from the time wages were due after each pay period until the judgment is entered).  *Id.*  While Sakuma did not agree to a specific amount of attorneys' fees and costs, it agreed that Class Counsel are entitled to reasonable attorneys' fees and costs for their work on the certified questions and resolution of the 2014 rest break claims, pursuant to RCW 49.48.030.  *Id.*  Finally, Sakuma has provided evidence of its separate payment for rest breaks for all pieceworkers who worked for the company in the 2015 season.

No settlement funds will revert to Sakuma under any circumstances.  After distribution of the settlement payments to the workers, a *cy pres* fund will be created for checks that have been disbursed but remain uncashed after a period of one year.  Dkt. #62 at 9.  Any *cy pres* funds will be disbursed to the non-profit organization Catholic Community Services in Skagit County.  *Id*.  Sakuma will request that any such funds be earmarked for assistance to farm workers.  *Id.*  The work of Catholic Community Services in Skagit County benefits low-income immigrant workers who may require legal assistance, so the organization's work serves "the objectives of the underlying statutes[] and the interests of the silent class members . . . ."  *Lane v. Facebook, Inc.*, 696 F.3d 811, 819-20 (9th Cir. 2012) (internal quotation omitted).

In exchange for these benefits, Settlement Class Members agree to release Sakuma from "claims for alleged violations of WAC 296-131-020 that arose in 2014 or 2015."  Dkt. #62 at ¶ 21.  This release is narrowly-tailored and fundamentally fair.  Settlement Class Members do not agree to release Sakuma from liability for claims not alleged in the lawsuit and do not release Sakuma from liability for claims unrelated to the certified questions.

4. <u>The extent of discovery completed and the stage of the proceedings</u>

Final approval is favored because substantial investigation and discovery were completed before the filing of the Motion to Certify Legal Questions to Washington Supreme Court in August 2014.  Before even filing this lawsuit, Plaintiffs' counsel spent three months investigating the factual bases of the workers' claims, interviewing workers, analyzing pay

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 4
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

statements and other documents, researching legal issues, and preparing the initial complaint. Dkt. #28, ¶ 4. After the complaint was filed, Plaintiffs continued to investigate the facts and law. The parties conducted extensive discovery over several months, including the production of thousands of pages of documents and data and the depositions of both named Plaintiffs and three Sakuma representatives. *See* Dkt. #28, ¶¶ 4-5. In addition, Class Counsel spent a considerable amount of time interviewing Class Members and potential witnesses—most in Spanish or with the assistance of Triqui and Mixteco interpreters. *Id*., ¶ 5; Dkt. #29, ¶¶ 9-10. The discovery provided Plaintiffs with a full record to address the certified questions. Nonetheless, rather than resolving the certified-question claims with a compromise settlement, Plaintiffs pushed forward to recover the full amount of rest break wages owing, plus interest.

5.   The experience and views of counsel

Where Class Counsel are qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co*., 255 F.R.D. 537, 543 (W.D. Wash. 2009). Class Counsel, who are qualified class action attorneys who regularly represent farm workers, believe the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Dkt. #61, ¶ 10.

6.   The presence of a governmental participant

No governmental entity is a party to this action. Nonetheless, the Settlement Agreement and Class Action Fairness Act ("CAFA") required Sakuma to provide federal and state officials notice of the settlement within ten days of Plaintiffs' filing of the preliminary approval motion. Dkt. 62, ¶ 23; *see also* 28 U.S.C. § 1715(b). Sakuma sent CAFA notices to the state and federal officials on March 23, 2016. Declaration of Marc C. Cote in Support of Motion for Final Approval of Class Action Settlement Regarding Certified Questions ¶ 2.

"Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to class action settlement, CAFA presumes that, once put on notice, either state or federal officials will raise any concerns that they may have during the normal

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 5
CASE NO. 2:13-cv-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

course of the class action settlement procedures." *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *14 (N.D. Cal. Apr. 22, 2010). "Under Section 1715(d), an order granting final approval of a settlement agreement may not take place earlier than ninety days after the appropriate federal and state officials have been served with notice." *In re Processed Egg Products Antitrust Litig.*, 284 F.R.D. 249, 258 n.12 (E.D. Pa. 2012). Here, the ninety-day expiration date will pass on June 21 and the final approval hearing will occur on July 8. No state or federal official has expressed any concern regarding the Settlement. Thus, under CAFA, final approval will be appropriate on July 8.

7.   The reaction of class members

A positive response to a class action settlement by class members—as evidenced by low opt-out and objection rates—supports final approval of the settlement. *See Pelletz*, 255 F.R.D. at 543. Here, the deadline to opt out or object to the Settlement was June 1. Declaration of Rachael L. Pashkowski in Support of Final Approval of Class Action Settlement ("Pashkowski Decl."), ¶ 2. No Settlement Class Member opted out, and no Settlement Class Member submitted an objection. Declaration of Jennifer Boschen Regarding Notice ("Boschen Decl."), ¶ 8; Pashkowski Decl., ¶¶ 2, 7. Indeed, all Settlement Class Members who contacted Class Counsel after receiving notice of the Settlement were supportive of the Settlement. Pashkowski Decl., ¶ 7; Boschen Decl., ¶ 6. Since notice was issued, no Settlement Class Members have complained about the Settlement or expressed the opinion that the Settlement should not be approved. *Id.*

**B.   The Settlement Is the Result of Informed, Arm's-Length Negotiations**

Courts in the Ninth Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." *Rodriguez*, 563 F.3d at 965 (internal citations omitted). The Ninth Circuit will not overturn approval of a settlement "unless the terms of the agreement contain convincing indications that the incentives favoring pursuit of self-interest rather than the class's

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 6
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

interests in fact influenced the outcome of the negotiations . . . ." *Laguna*, 753 F.3d at 924 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003)).

The Settlement Agreement is the result of intensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues related to the certified questions. *See* Dkt. #61, ¶¶ 4-9; Dkt. #28, ¶¶ 8-12; Dkt. 29, ¶¶ 4-8. Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of wage and hour class action cases similar to this case as well as the legal issues facing immigrant farm workers. Dkt. #28, ¶¶ 8-12; Dkt. 29, ¶¶ 4-8. In negotiating the Settlement, counsel had the benefit of years of experience litigating class actions and a familiarity with the facts of this case. *Id.* Such negotiations are prima facie evidence of a settlement that is fair and reasonable. *See Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery."); *see also Pelletz*, 255 F.R.D. at 542-43 (approving settlement "reached after good faith, arms-length negotiations"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith, following arms-length and non-collusive negotiations"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d at 1043 (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.").

Here, the settlement terms provide further support that the Settlement is a result of informed, arms-length negotiations. Settlement Class Members will recover full payment for rest breaks in 2014, plus interest, and Sakuma provided full payment for rest breaks in 2015. Moreover, the attorney fee and cost provision in the Settlement Agreement ensures that any attorney fee and cost award by the Court will not reduce the payments to the workers. *See* Dkt. #62 at 6. Sakuma has agreed to pay the fees found to be reasonable by the Court in addition to

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 7
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

payments due to the workers. Thus, this is not a "common fund" payment in which class members pay for attorneys' fees and costs out of their settlement awards. Furthermore, Class Counsel ensured that the lack of agreement on the amount of fees and costs did not delay resolution of the claims. Instead of delaying final resolution to debate fees and costs, the parties agreed to allow the Court to decide the proper amount. *See* Dkt. #62 at 6.

**C.     The Court-Ordered Notice Program Is Constitutionally Sound and Has Been Fully Implemented**

This Court has already determined that the proposed notice program meets the requirements of due process and applicable law, provides the best notice practicable under the circumstances, and constitutes due and sufficient notice to all individuals entitled thereto. Dkt. #65, ¶ 6. As Settlement Administrator, Class Counsel received Settlement Class Member names and mailing addresses and implemented the notice plan. *See* Boschen Decl., ¶¶ 2-4. Notice packets were mailed to Settlement Class Members on May 2, 2016. *Id.*, ¶ 2.

Although 123 of the 779 mailed notice packets were initially returned as undeliverable, Class Counsel's staff re-mailed 21 notice packets to forwarding addresses provided by the United States Postal Service, addresses obtained from calling Settlement Class Members directly, and addresses identified through skip trace searches. Where Class Counsel had a phone number for a Settlement Class Member whose notice packet was returned as undeliverable, Class Counsel called that person in an attempt to obtain an updated address to re-mail the notice packet. Boschen Decl., ¶ 4. Overall, approximately 87 percent of the notices mailed to Settlement Class Members were successfully delivered. Boschen Decl., ¶ 5.[3]

To ensure full access to the Settlement details for all Settlement Class Members, Class Counsel translated and audio-recorded an explanation of the Settlement into three unwritten indigenous languages (Triqui de San Martin Intuyoso, Mixteco Bajo de Guerrero, and Mixteco Alto de Oaxaca), and these recordings were accessible by calling a phone line dedicated to each.

---

[3] As discussed above, any funds that go unclaimed will go to a social services organization that provides services to immigrant workers.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 8
CASE NO. 2:13-cv-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Pashkowski Decl., ¶ 3.  Class Counsel also set up a general information line, which directed callers to one of four extensions with outgoing messages in Spanish, Triqui de San Martin Intuyoso, Mixteco Bajo de Guerrero, and Mixteco Alto de Oaxaca.  *Id.*, ¶ 4.  The phone lines were listed on the notice mailed to Settlement Class Members, Dkt.#62 at 20, and callers were able to leave a voicemail on any of the lines.  Pashkowski Decl., ¶ 4.  Using a language-appropriate interpreter when needed, Class Counsel returned calls in response to each message (even when a caller hung up without leaving a name or message).  *Id.*, ¶¶ 5-6.  Finally, a copy of the motion for attorneys' fees and costs filed on May 9 has been available for Settlement Class Members to review, though no Settlement Class Members have requested a copy.[4]  Dkt. #62 at 22-23; Boschen Decl., ¶ 7.

**D.   The Settlement's Attorney Fee Provision Is Fair and Reasonable**

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination of whether the settlement is 'fundamentally fair, adequate, and reasonable.'"  *Staton*, 327 F.3d at 963 (quoting Fed. R. Civ. P. 23(e)).  Moreover, "the parties to a class action may simultaneously negotiate merits relief and an award of attorneys' fees under a fee-shifting statute . . . ."  *Staton*, 327 F.3d at 971 (citing *Evans v. Jeff D.*, 475 U.S. 717, 720 (1986)).  "In the course of judicial review, the amount of such attorneys' fees can be approved if they meet the reasonableness standard when measured against statutory fee principles."  *Id*. at 972.

Here, Sakuma agreed that Class Counsel are entitled to reasonable attorneys' fees and expenses for their work on the certified questions and resolution of the 2014 rest break claims, pursuant to RCW 49.48.030.  Dkt. #62 at 6.  However, the parties could not agree on the proper amount of fees and costs.  Rather than delay resolution, the parties agreed to present the issue of the proper amount to this Court.  To that end, Plaintiffs filed a Motion for Award of Attorneys'

---

[4] The Notice of Class Action Settlement provided that Settlement Class Members could obtain a copy of the motion for attorneys' fees and costs by contacting Class Counsel. Dkt. #62 at 22-23.  In this case, this approach is preferable to a settlement website because most Settlement Class Members do not use the internet.  *See generally* Dkt. 29, ¶¶ 8-9 (discussing migrant and indigenous background of class members, most of whom have limited language skills).

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 9
CASE NO. 2:13-cv-01918-MJP

Fees and Expenses on May 9.  Dkt. #66.  This approach is fair and reasonable because it ensures the Settlement Class Members' payments are not reduced by the amount of attorneys' fees and costs ultimately awarded and ensures no further delay for a final resolution of the certified-question claims.

Plaintiffs request that the Court enter findings and conclusions regarding Class Counsel's award of attorneys' fees and costs as part of the final approval order.[5]

### III.  CONCLUSION

This Settlement—which provides full payment, plus interest, for all unpaid rest breaks—is fair, adequate, and reasonable, and in the best interests of the Settlement Class.  Thus, Plaintiffs respectfully request that the Court grant final approval of the Settlement so that payments can be distributed to deserving Settlement Class Members without delay.

RESPECTFULLY SUBMITTED AND DATED this 15th day of June, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Marc C. Cote, WSBA #39824
    Toby J. Marshall, WSBA #32726
    Email:  tmarshall@terrellmarshall.com
    Marc C. Cote, WSBA #39824
    Email:  mcote@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington  98103
    Telephone:  (206) 816-6603
    Facsimile: (206) 319-5450

COLUMBIA LEGAL SERVICES

By:  /s/ Daniel G. Ford, WSBA #10903
    Daniel G. Ford, WSBA #10903
    Email:  dan.ford@columbialegal.org
    101 Yesler Way, Suite 300
    Seattle, Washington  98104
    Telephone:  (206) 464-5936
    Facsimile: (206) 382-3386

*Attorneys for Plaintiffs and Class*

---

[5] Plaintiffs provide a proposed final approval order with this motion.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 10
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# CERTIFICATE OF SERVICE

I, Marc C. Cote, hereby certify that on June 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Adam S. Belzberg, WSBA #41022
>Email: adam.belzberg@stoel.com
>STOEL RIVES LLP
>600 University Street, Suite 3400
>Seattle, Washington 98101
>Telephone: (206) 386-7516
>Facsimile: (206) 386-7500

*Attorney for Defendant*

DATED this 15th day of June, 2016.

>TERRELL MARSHALL LAW GROUP PLLC
>
>By: /s/ Marc C. Cote, WSBA #39824
>Marc C. Cote, WSBA #39824
>Email: mcote@terrellmarshall.com
>936 North 34th Street, Suite 300
>Seattle, Washington 98103
>Telephone: (206) 816-6603
>Facsimile: (206) 319-5450

*Attorneys for Plaintiffs and Class*

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT REGARDING
CERTIFIED QUESTIONS - 11
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com