THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

ANA LOPEZ DEMETRIO and FRANCISCO
EUGENIO PAZ, individually and on behalf of
all others similarly situated,

9

NO. 2:13-cv-01918-MJP

10

Plaintiffs,

11

v.

**ORDER GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
REGARDING CERTIFIED
QUESTIONS AND PLAINTIFFS'
MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES**

12

SAKUMA BROTHERS FARMS, INC.,

13

Defendant.

14

15

NOTE ON MOTION CALENDAR:
July 8, 2016 at 2:00 p.m.

16

17

18

WHEREAS, on April 1, 2016, this Court entered an Order Granting Preliminary

Approval of Class Action Settlement Regarding Certified Questions (Dkt. #31) (the

19

"Preliminary Approval Order"); and

20

WHEREAS, individual notice complying with Rule 23 of the Federal Rules of Civil

21

Procedure was sent to the last-known address of each member of the Settlement Class and

22

additional notice procedures outlined in the Motion for Final Approval of Class Action

23

Settlement Regarding Certified Questions have been completed; and

24

WHEREAS, a fairness hearing on final approval of the settlement was held before the

25

Court on July 8, 2016; and

26

**ORDER GRANTING PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS** ACTION SETTLEMENT
REGARDING CERTIFIED QUESTIONS AND
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 1
CASE NO. 2:13-cv-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    WHEREAS, the Court, being advised, finds that good cause exists for entry of the

2   below Order; now, therefore,

3    IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

4    1.    Unless otherwise provided herein, all capitalized terms in this Order shall have

5   the same meaning as set forth in the Stipulation of Settlement and Release Regarding Certified

6   Questions (Dkt. #62) (the "Settlement Agreement") and/or Plaintiffs' Motion for Preliminary

7   Approval Of Class Action Settlement Regarding Certified Questions (Dkt. #60).

8    2.    The Court finds that notice to the Settlement Class has been completed in

9   conformity with the Preliminary Approval Order.  The Court finds that this notice was the best

10  notice practicable under the circumstances, that it provided due and adequate notice of the

11  proceedings and of the matters set forth therein, and that it fully satisfied all applicable

12  requirements of law and due process.

13   3.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court has

14  certified the following Settlement Class: "All migrant and seasonal employees of Sakuma who

15  performed piece-rate fruit harvest work for Sakuma in Washington in 2014 or 2015."

16   4.    In connection with this certification, the Court makes the following findings:

17    a.    The Settlement Class is so numerous that joinder of all members is

18  impracticable;

19    b.    There are questions of law or fact common to the Settlement Class for

20  purposes of determining whether this settlement should be approved;

21    c.    Plaintiffs' claims are typical of the claims being resolved through the

22  proposed settlement;

23    d.    Plaintiffs are capable of fairly and adequately protecting the interests of

24  the Settlement Class members in connection with the Settlement;

25    e.    For purposes of determining whether the Settlement is fair, reasonable

26  and adequate, common questions of law and fact predominate over questions affecting only

ORDER GRANTING PLAINTIFFS' MOTION FOR
**FINAL APPROVAL OF CLASS** ACTION SETTLEMENT
REGARDING CERTIFIED QUESTIONS AND
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 2
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  individual Settlement Class members.  Accordingly, the Settlement Class is sufficiently

2  cohesive to warrant settlement by representation; and

3          f.     For purposes of Settlement, certification of the Settlement Class is

4  superior to other available methods for the fair and efficient settlement of the claims of the

5  Settlement Class members.

6       5.    The Court has appointed Ana Lopez Demetrio and Francisco Eugenio Paz as

7  representatives of the Settlement Class.

8       6.    The Court has appointed Marc Cote and Toby Marshall of Terrell Marshall Law

9  Group PLLC and Daniel Ford of Columbia Legal Services as Class Counsel.

10       7.    No objections to the Settlement have been lodged, and no Settlement Class

11  Member has opted out of the Settlement.

12       8.    The terms set forth in the Settlement are approved as being fair, adequate, and

13  reasonable in light of the degree of recovery obtained in relation to the risks faced by the

14  Settlement Class in litigating the claims.  The Settlement Class is properly certified as part of

15  this Settlement.  The relief provided to the Qualified Class Members who performed piecework

16  in 2014 is appropriate as to the individual Qualified Class Members and the Settlement Class as

17  a whole.

18       9.    As part of the Settlement, Defendant agreed that Class Counsel are entitled to

19  reasonable attorneys' fees and costs for the work on the certified questions and resolution of the

20  2014 rest break claims pursuant to RCW 49.48.030 but did not agree on the amount of the

21  award.

22       10.    This Court has reviewed Plaintiffs' Motion for Award of Attorneys' Fees and

23  Expenses, Defendant's Response, and Plaintiffs' Reply.

24       11.    The Court awards $235,000 in attorneys' fees, $4,951.89 in litigation expenses,

25  and $11,747.47 in settlement notice and administration fees and costs to Class Counsel.  These

26  attorneys' fees and expenses are fair and reasonable under RCW 49.48.030 based on the

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**FINAL APPROVAL OF CLASS** ACTION SETTLEMENT
REGARDING CERTIFIED QUESTIONS AND
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 3
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    lodestar method.  The Court reaches this conclusion after analyzing (1) the number of hours

2    Class Counsel reasonably expended on the certified-question litigation multiplied by counsel's

3    reasonable hourly rates; (2) the recovery Class Counsel obtained for Qualified Class Members

4    who worked in the 2014 season as well as Class Counsel's efforts that caused Sakuma's full

5    payment for rest breaks in the 2015 season; (3) the diligent and efficient effort utilized by Class

6    Counsel in litigating the certified questions in this Court and at the Washington Supreme Court;

7    (4) Class Counsel's substantial experience in wage and hour and complex litigation and the

8    skill utilized to achieve the successful result in the Washington Supreme Court and in the

9    Settlement; (5) the hurdles to certifying the Settlement Class and proving liability and damages

10   at trial before the certified questions were presented to the Washington Supreme Court; (6) the

11   relationship between the amount of the fee requested and the excellent result obtained for the

12   Settlement Class; and (7) the reasonableness of the litigation costs and settlement notice and

13   administration fees and costs incurred by Class Counsel.

14          12.     Class Counsel reasonably expended more than 710 hours on the certified-

15   question litigation in this Court and the Washington Supreme Court, not including hours spent

16   on the settlement notice and administration process.  Class Counsel filed detailed

17   documentation of the time they spent investigating, litigating, researching legal issues, drafting

18   several briefs to this Court and the Washington Supreme Court, preparing for oral argument at

19   the Washington Supreme Court, and negotiating a settlement of the certified-question claims.

20   Their detailed time records are based on contemporaneous records of hours worked.  Class

21   Counsel exercised billing judgment and made reductions where time arguably could be

22   considered "unnecessarily duplicative" or could have been more efficiently spent.

23          13.     Class Counsel's hourly rates—$300 for Marc Cote, $400 for Toby Marshall, and

24   $375 for Daniel Ford—are reasonable hourly rates considering these attorneys' "experience,

25   skill and reputation," *see Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) (quoting *Schwarz*

26

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**FINAL APPROVAL OF CLASS** ACTION SETTLEMENT
REGARDING CERTIFIED QUESTIONS AND
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 4
Case No. 2:13-cv-01918-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir.1995)), and considering "the

2   prevailing market rates" in this District.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).

3        14.    Applying these reasonable hourly rates to the hours reasonably expended in this

4   litigation, Class Counsel's lodestar is approximately $205,615.  This lodestar reflects work that

5   was reasonably and necessarily expended on the certified-question claims.

6        15.    Plaintiffs seek a modest lodestar multiplier for a total attorney fee award of

7   $235,000.

8        16.    The total amount of reasonable attorneys' fees and costs incurred on Plaintiffs'

9   fee motion, the issues relating to production of Defendant's fee records, and the reply brief on

10  the fee motion is approximately $21,305.  The Court finds this amount to be reasonable under

11  the circumstances of this case.

12       17.    This Court will not apply a multiplier for the work on the fee motion.

13  Subtracting $21,305 from $235,000 results in $213,695.  The total amount of fees incurred by

14  Class Counsel excluding work relating to the fee motion is $184,310 ($205,615 minus

15  $21,305).  Thus, with no multiplier applied to the hours worked relating to the fee motion, the

16  requested multiplier is approximately 1.16 ($213,695 divided by $184,310).

17       18.    Based on the risk Class Counsel faced in litigating the certified questions and

18  the quality of the work they performed, this Court finds a lodestar multiplier of approximately

19  1.16 is appropriate, resulting in a total attorney fee award of $235,000.

20       19.    A lodestar multiplier is appropriate in this case based on the risk factor.  *See*

21  *Carlson v. Lake Chelan Cmty. Hosp.*, 116 Wn. App. 718, 742-43, 75 P.3d 533 (2003)

22  (affirming application of 1.5 multiplier to lodestar); *Vizcaino v. Microsoft Corp.*, 290 F.3d

23  1043, 1052-54 (9th Cir. 2002) (approving multiplier of 3.65).  "In contingency cases such as

24  those brought under [remedial employment statutes], Washington courts have recognized that

25  the prospect of an upward adjustment is an important tool in encouraging litigation."  *Wash.*

26  *State Commc'n Access Project v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 221, 293 P.3d 413

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**FINAL APPROVAL OF CLASS** ACTION SETTLEMENT
REGARDING CERTIFIED QUESTIONS AND
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 5
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   (2013) ("*WashCap*").  Here, Plaintiffs pursued the certified-question claims under a remedial

2   Washington employment statute and regulation concerning rest breaks for agricultural workers.

3   Furthermore, Class Counsel pursued the certified-question claims on a contingency fee basis.

4   Thus, Class Counsel assumed the risk that if they were unsuccessful, they would receive no

5   compensation for their work on the certified questions.  At the time Class Counsel decided to

6   take on the rest break pay issues, there was no Washington case that had addressed the issues

7   underlying the certified questions, and only one state, California, had adopted the position

8   Plaintiffs advocated.  Thus, this was an issue of first impression in Washington.

9        20.    In addition, a lodestar multiplier is appropriate based on the quality of work

10   performed by Class Counsel.  Class Counsel performed high-quality work, resulting in a

11   unanimous Washington Supreme Court opinion on an issue of first impression.  Class

12   Counsel's work resulted in Defendant's agreement to provide full rest break pay to all 2014

13   pieceworkers, plus interest, in addition to a change in Defendant's pay system that ensured all

14   workers would receive full rest break pay beginning in 2015.  This was an excellent result for

15   the Class.

16        21.    Defendant also "stipulate[d] and agree[d] that Plaintiffs are also entitled to

17   reasonable . . . costs pursuant to RCW 49.48.030 for their counsel's work on the certified

18   questions and resolution of the 2014 rest break claims."  Dkt. # 62 at 6.  The litigation expenses

19   and settlement notice and administration fees and costs incurred by Class Counsel were

20   reasonable, necessary, and appropriately documented in the declarations filed by Class

21   Counsel.  Thus, this Court finds that Class Counsel are entitled to an award for those costs

22   totaling $4,951.89 for reasonable litigation expenses and $11,747.47 for reasonable settlement

23   notice and administration fees and costs.

24        22.    The Settlement Agreement is binding on all Settlement Class Members.

25        23.    Pursuant to the terms of the Settlement Agreement, Defendant shall issue

26   payment to each of the Qualified Class Members who performed piecework for Defendant in

ORDER GRANTING PLAINTIFFS' MOTION FOR
**FINAL APPROVAL OF CLASS** ACTION SETTLEMENT
REGARDING CERTIFIED QUESTIONS AND
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 6
CASE NO. 2:13-CV-01918-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  2014 in an amount equal to (1) his or her unpaid rest break wages for the 2014 season,

2  calculated at the worker's regular hourly rate (determined based on the average hourly rate each

3  week from piecework) or minimum wage, whichever is higher, plus (2) prejudgment interest on

4  the full amount of rest break wages owing to each Qualified Class Member who performed

5  piecework in 2014 at 12% per year (from the time wages were due after each pay period until

6  the date of this Order).  In the event that any Qualified Class Members fail to cash any award

7  checks within one year of distribution, Sakuma shall disburse such funds to the non-profit

8  organization Catholic Community Services in Skagit County, with a request that any such

9  funds be earmarked for farm worker assistance.  The work of Catholic Community Services in

10  Skagit County benefits low-income immigrant workers who may require legal assistance, and

11  their work therefore serves "the objectives of the underlying statutes[] and the interests of the

12  silent class members . . . ."  *Lane v. Facebook, Inc.*, 696 F.3d 811, 819-20 (9th Cir. 2012)

13  (internal quotation omitted).

14         24.    Pursuant to the terms of the Settlement Agreement, upon final approval by the

15  Court, the Settlement Class, including each Settlement Class Member who has not submitted a

16  timely and valid written request to opt out of the Settlement, releases, to the extent permitted by

17  law, Sakuma Brothers Farms, Inc., from any and all claims for alleged violations of WAC 296-

18  131-020 that arose in 2014 and 2015.

19         25.    Without affecting the finality of this Order, or the judgment to be entered

20  pursuant hereto, in any way, the Court retains jurisdiction over the claims against Defendant for

21  purposes of addressing: (1) any disputes arising from the Settlement Agreement; (2) settlement

22  administration matters; and (3) such post-judgment matters as may be appropriate under the

23  Federal Rules of Civil Procedure.

24         26.    The Clerk shall enter a judgment certifying the Settlement Class, finally

25  approving the Settlement Agreement, and awarding $235,000 in attorneys' fees, $4,951.89 in

26

**ORDER GRANTING PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS** ACTION SETTLEMENT
REGARDING CERTIFIED QUESTIONS AND
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 7
CASE NO. 2:13-CV-01918-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    litigation expenses, and $11,747.47 in settlement notice and administration fees and costs to

2    Class Counsel.

3        IT IS SO ORDERED.

4

5        DATED this 8th day of July, 2016.

6

7

8        Marsha J. Pechman
         United States District Judge

9

10

11   Presented by:

12   TERRELL MARSHALL LAW GROUP PLLC

13   By:  /s/ Marc C. Cote, WSBA #39824
         Toby J. Marshall, WSBA #32726
14       Email:  tmarshall@terrellmarshall.com
         Marc C. Cote, WSBA #39824
15       Email:  mcote@terrellmarshall.com
         936 North 34th Street, Suite 300
16       Seattle, Washington  98103
         Telephone:  (206) 816-6603
17       Facsimile: (206) 319-5450

18

19   COLUMBIA LEGAL SERVICES

20   By:  /s/ Daniel G. Ford, WSBA #10903
         Daniel G. Ford, WSBA #10903
21       Email:  dan.ford@columbialegal.org
         101 Yesler Way, Suite 300
22       Seattle, Washington  98104
         Telephone:  (206) 464-5936
23       Facsimile: (206) 382-3386

24

25   *Attorneys for Plaintiffs and Class*

26

**ORDER GRANTING PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS** ACTION SETTLEMENT
REGARDING CERTIFIED QUESTIONS AND
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 8
CASE NO. 2:13-CV-01918-MJP